## BEATTY v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. July 6, 1928.

No. 5143.

1. **Jury** ⟨⟩131(6)—Question whether any member of jury was member of prohibition law enforcement organization held improperly refused by judge, examining jury in liquor prosecution (27 USCA § 33).

In liquor prosecution, under 27 USCA § 33, defendant was entitled to have question whether any member of jury was member of or contributed to any organization for purpose of enforcing prohibition law put to jury by judge examining jury, since reasonable amount of inquiry in aid of right of peremptory challenge should be permitted.

2. **Criminal law** ⟨⟩1129(1)—Single assignment of error directed against court's action, which was partly right, is insufficient.

Single assignment of error, alleging that it was error for judge to refuse to put six questions to jury, was insufficient, where judge properly declined to put several of such questions to jury.

3. **Criminal law** ⟨⟩1048, 1129(1)—Appellate court will not take notice of error without proper exception or assignment, where record did not indicate unjust result (Circuit Court of Appeals rule 11).

Under rule 11, Circuit Court of Appeals will not take notice of error in refusing to put proper question to jury, without any proper exception or assignment, where record showed that defendant, as witness, admitted full knowledge of maintaining nuisance on farm operated by him and his brother, but defended on ground that he had warned brother to desist, and had no personal share in its conduct or proceeds, and thus record did not indicate unjust result.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

James Beatty was convicted of maintaining a nuisance, and he brings error. Affirmed.

Charles A. Higgs, of Bay City, Mich., for plaintiff in error.

C. Frederic Stanton, Asst. U. S. Atty., of Detroit, Mich. (John R. Watkins, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, DONAHUE, and HICKS, Circuit Judges.

PER CURIAM. Beatty and his brother, in partnership or as cotenants, were operating a farm. On this farm the business of manufacturing intoxicating liquor was carried on, the still and other apparatus and materials being kept in the barn. The brother admitted responsibility. The respondent pleaded not guilty to an indictment with several counts, but was convicted of maintain-

ing a nuisance. U. S. C. tit. 27, § 33 (27 USCA § 33).

[1] The conviction must be affirmed, but the record discloses what we think is a misapprehension as to the practice. Upon examination of the jury by the judge, respondent's counsel proposed six questions which he wished to have put. The request was declined, and the judge asked questions which he thought covered the ground of these requests, so far as they were proper. The matter was apparently regarded by counsel, and perhaps by the trial judge, as if the criterion were whether the questions suggested, if answered in one way, would disclose grounds for challenge for cause, overlooking the right of respondent to get information aiding him to determine whether he wished to make a peremptory challenge. Obviously the quest for this information is subject to the reasonable discretion of the trial judge, and cannot be carried too far without minimizing the good effect of examination by the judge, instead of by counsel; but a reasonable amount of such inquiry in aid of the right of peremptory challenge should be permitted, and we think one of these questions was of that permissible character. It inquired whether any member of the jury was a member of or contributed to any organization for the purpose of enforcing the prohibition law. In Remus v. United States, 291 F. 501, 507, we held that an affirmative answer to this question would not disclose legal basis for challenge for cause; but, quite plainly, it would be a natural inducement as to the exercise of a peremptory challenge. While it would not be presumed that a juror would have, from such association, any prejudice which would prevent him from obeying the instructions of the court, yet we must regard such information as this as within that minimum which respondent is entitled to have as the basis of a peremptory challenge. See Armborst v. Cincinnati Co. (C. C. A. 6) 25 F.(2d) 240, 241.

[2] This point, however, does not require reversal. It is insufficiently saved for presentation here. As to several of the six questions proposed, we think it clear that the judge properly declined to put them to the jury. Counsel took no separate exception to the refusal to put the particular question which we have thought was proper, but took only a general exception to the general refusal. If we might overlook this imperfection in the basis for review, we then find that there is only one assignment, alleging that it was error to refuse to put these six questions. This action was not wholly erroneous, and a single assignment of error, directed against an action which was partly right, is insufficient. Anthony v. Louisville Co., 132 U. S. 172, 173, 10 S. Ct. 53, 33 L. Ed. 301.

[3] The remaining question is whether, under rule 11, we should take notice of the error without any proper exception or assignment. This we do only when the record plainly indicates an unjust result. Here respondent, as a witness, admitted full knowledge of the maintaining of the nuisance. His only defense was that he warned his brother to desist and had no personal share in its conduct or proceeds. He did not take any step to force a discontinuance, or insist upon his rights as a cotenant. It may be that under these circumstances he was not guilty even of aiding and abetting the maintenance; but his acquittal would be unlikely, even if it could not be said that upon his own statement he was guilty of such abetting. Such a case does not call for the application of rule 11.

The other assignments of error are either unfounded or plainly unimportant.

The judgment is affirmed.