Leon THOMAS, Plaintiff-Appellant,

v.

Albert Lee NUSS and Kelley Sizemore, Defendants-Appellees.

No. 15998.

United States Court of Appeals Sixth Circuit.

Dec. 16, 1965.

M. Perry Nochlin, Nashville, Tenn. (Housholder, Nochlin, Cosner & Sutton, by M. Perry Nochlin, Nashville, Tenn., on the brief), for appellant.

Josiah Baker and James D. Robinson, Chattanooga, Tenn., Goins, Gammon, Baker & Robinson, Chattanooga, Tenn., of counsel, for appellees.

Before PHILLIPS, Circuit Judge, CECIL, Senior Circuit Judge and *MACHROWICZ, District Judge.

MACHROWICZ, District Judge.

This is an appeal from a verdict for the defendant-appellees, returned by a jury in a highway accident diversity case.

* Honorable Thaddeus M. Machrowicz, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

The plaintiff-appellant contends on appeal that the trial court erred:

(1) in refusing to grant the plaintiff-appellant the right to discovery of statements of prospective witnesses to the accident which were in the file of defendants'-appellees' insurer;

(2) in not granting the motion for a new trial on the ground that one of the jurors visited the scene of the accident shortly after the accident, and did not disclose that fact to the court until after the verdict was returned; and

(3) in not granting the motion for a new trial on the ground of newly discovered evidence.

1. On the issue of the refusal to grant the discovery, sought by plaintiff-appellant, the record discloses that prior to trial, plaintiff moved under Rule 34 of the Federal Rules of Civil Procedure for production of all statements made to defendants' insurer by the defendant or his witnesses.

In denying the motion, the Court held that Rule 34 is applicable only to party litigants and suggested the use of the procedure provided for by Rule 26, applicable to non-litigating witnesses or the use of a subpoena duces tecum under Rule 45. The Court also held that Rule 34 required the showing of good cause, which the plaintiff did not do. The Court's order provided in part as follows:

"The plaintiff's motion, otherwise, is denied but without prejudice to his right to proceed under the appropriate rules after any necessary permissive amendment to the pretrial order herein."

In discussing Rule 34, the commentary in 4 Moore's Federal Practice (2nd Ed.) § 34.08, p. 2451, states that:

" * * * good cause is not shown when the mover has the information sought or can obtain the documents or information therein through other methods than the rules of discovery."

In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, (1947), the Court said on p. 504, 67 S.Ct. on p. 390:

"And it does not appear from the record that petitioner filed a motion under Rule 34 for a court order directing the production of the documents in question. Indeed, such an order could not have been entered as to Fortenbaugh since Rule 34, like Rule 33, is limited to the parties to the proceeding, thereby excluding their counsel or agents."

Further, on page 504, 67 S.Ct. on page 390, the Court said:

"Moreover, since petitioner was also foreclosed from securing them through an order under Rule 34, his only recourse was to take Fortenbaugh's deposition under Rule 26 and to attempt to force Fortenbaugh to produce the materials by use of a subpoena duces tecum in accordance with Rule 45."

Obviously the trial court had the Hickman case (supra) in mind in entering the order denying the plaintiff's motion without prejudice and suggesting the procedure referred to in that case.

The plaintiff did in fact begin to follow this procedure by serving thereafter a notice to take a deposition of the insurer, but for reasons not apparent on the record, this procedure was later abandoned by him.

■■ The motion for production of documents is one which is addressed to the sound discretion of the trial court. The plaintiff was here presented with the names of the witnesses in question and has shown no good reason why he did not proceed with their depositions as he started to. The plaintiff having voluntarily abandoned these proceedings, this Court cannot find reversible error in the order of the Court, and finds no abuse of the discretion of the trial court in entering the order complained of.

2. On the issue of the alleged misconduct of the juror in failing to disclose to the court until after the verdict was returned that he was at the scene of the

accident shortly *after* it happened, the record discloses that a general question was asked of the entire panel during the voir dire examination: "Did you happen to be along there *when* this accident occurred?" No question was asked to cover any period *after* the accident occurred. The juror in question, Henley, claims that at the time this question was asked of the panel, he had no immediate recollection of the incident, but as the trial progressed, he recalled that he did come by the scene of the accident shortly after it occurred. He merely observed casually the wrecker preparing to remove the vehicles from the scene, but he did not stop to observe further and did not know who was involved in the accident.

No further inquiry was made by the court or requested by either attorney along this line of questioning, and other jurors gave affidavits indicating that juror Henley expressed no independent information of any kind to them during their deliberations of the case and took no part in the discussions attendant thereto other than voting.

Furthermore there was nothing about the position of the cars after the accident that was in dispute during the trial, photographs having been introduced by the plaintiff-appellant disclosing all that the juror was possibly able to observe.

Since no affidavits were presented to the court that juror Henley did, or even attempt to influence the other jurors or that he was himself influenced by what he saw, the Court properly concluded that there was no showing that the result of the trial would have been any different if juror Henley had been excused from the jury.

■ A motion for new trial on jury misconduct is addressed to the discretion of the trial court. McDonald v. Pless, 238 U.S. 264, 269, 35 S.Ct. 783, 59 L.Ed. 1300. In Cox v. General Electric Co., 6 Cir., 302 F.2d 389, this Court said:

"The law is well established that the competency of a juror is for determination by the trial court, which is vested with discretion in determin-ing competency, and that his judgment will not be reversed except for abuse of discretion."

■ There being no showing that the verdict should be disturbed on these grounds as inconsistent with substantial justice, this Court cannot say that there was an abuse of the trial court's discretion in denying the motion for new trial.

3. The appellant further contends that the trial court abused its discretion in denying a motion for new trial on the ground of newly discovered evidence. This evidence consists of a new alleged eye-witness to the accident.

It appears that the testimony which was expected to be adduced from this witness would substantially corroborate that of another independent eye-witness who did testify at the trial and would contradict the version of the accident as alleged by defendants-appellees.

■ Newly discovered evidence will justify a new trial only if it is not only material but more than merely cumulative. The proposed new witness's testimony would tend merely to affect the weight and credibility of the evidence already considered and it is not of such nature to indicate that if added to other proof already in the case a different result would be probable.

In Anderson v. Tway, 143 F.2d 95, (6th Cir.) we stated:

"Where newly discovered evidence contradicts a principal witness on important points, and attacks his credibility as a witness, the granting of a new trial upon newly discovered evidence of a contradictory and impeaching character, is a matter that rests in the sound discretion of the [trial] court, and its determination will not be reversed without abuse of that discretion."

■ The trial court found that nothing produced by the plaintiff-appellant indicated a probability that the outcome of the trial might have been changed by the newly-offered evidence and accordingly overruled the motion for new trial

on this ground. There is no showing of an abuse of the court's discretion and accordingly its finding should not be disturbed.

Affirmed.