**Frances C. KISSELL, Plaintiff, Appellant,**

**v.**

**WESTINGHOUSE ELECTRIC CORPORATION, ELEVATOR DIVISION, Defendant, Appellee.**

**No. 6748.**

United States Court of Appeals
First Circuit.

Oct. 18, 1966.

Paul A. M. Hunt, Quincy, Mass., for appellant.

Thomas H. Mahony, Boston, Mass., with whom Edward F. Mahony, Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Plaintiff appellant sued Westinghouse for damages for personal injuries suffered when an elevator door closed on her hand. At the close of the evidence the court submitted special interrogatories to the jury, along with the general issue. Interrogatory number 4 was, "Was the plaintiff's own negligence a contributory cause of the accident?" After a period of deliberation the jury returned to ask whether, if the answer to question number 4 was "yes," they were compelled to return a verdict for the defendant. The court responded affirmatively and the jury thereafter returned a general verdict for the defendant, together with an answer of "yes" to interrogatory 4. It did not answer the other interrogatories, which related to the alleged negligence of the defendant.

On this appeal plaintiff does not claim that contributory negligence was not a bar to her recovery, or that the evidence did not warrant such a finding. Rather, she complains of the procedure. Her first contention, that it was error for the trial court to accept the jury's verdict without obtaining a response to the other interrogatories, is without merit and illogical to a degree. No conceivable prejudice has been suggested. Skyway Aviation Corp. v. Minneapolis, N. & S. Ry., 8 Cir., 1964, 326 F.2d 701.

Plaintiff's second contention is that interrogatory 4 was, in any event, improperly phrased in that it called for a conclusion of law. Although it is sufficient answer that she made no objection to the question at the time, Mazer v. Lipschutz, 3 Cir., 1964, 327 F.2d 42, 51; Halprin v. Mora, 3 Cir., 1956, 231 F.2d 197, 200, the question was not improper. To the extent that Carpenter v. Baltimore & O. RR., 6 Cir., 1940, 109 F.2d 375, condemns a special inquiry addressed to contributory negligence, we disagree. Such questions are constantly put. See, e. g., in addition to the cases hitherto cited, Delpit v. Nocuba Shipping Co., 5 Cir., 1962, 302 F.2d 835, cert. den., 371 U.S. 915, 83 S.Ct. 262, 9 L.Ed. 2d 173; McDonnell v. Timmerman, 8 Cir., 1959, 269 F.2d 54. It would be a purposeless restriction to say that special interrogatories cannot be mixed questions of law and fact, provided that the jury is properly instructed as to the law. The practice antedated Rule 49, Mills Woven Cartridge Belt Co. v. Malley, 1 Cir., 1923, 286 F. 841, and we cannot believe the rule was intended to be restrictive. Great American Ins. Co. v. Horab, 8 Cir., 1962, 309 F.2d 262.

Finally, plaintiff asserts that after the verdict she learned that one of the jurors had been cross-examined by her husband, an attorney, some two years previously in a contract action brought against the juror's employer. She appeals from the trial court's denial, without hearing, of her motion for a new trial on this ground. Such attacks on a verdict carry a heavy burden. The mere allegation of a remote connection between a juror and one of the parties, without a showing of significant facts from which prejudice can be inferred, cannot be sufficient to upset a verdict. The plaintiff is not entitled to a merely exploratory hearing. There is no indication here that the cross-examination by the husband was such as would be likely to raise personal hostility against him, let alone against the plaintiff, even assuming (although there is no basis for assuming) that the juror knew of the relationship.

It is true that each juror was asked on voir dire whether he knew the plaintiff "or any member of her family." In this inquiry plaintiff was referred to as

"Frances Kissell" and "Mrs. Kissell", with no identifiction of her husband, then or later. She was obliged to go further, if she wanted certainty. Brown v. United States, 10 Cir., 1966, 356 F.2d 230. The husband was not a party to the action, and nothing occurred during the trial to bring his identity to the juror's attention. Whatever may be the consequences of a deliberately false answer, an unintentional mistake on the voir dire adds nothing to the plaintiff's case.

Affirmed.