Allen VEZINA, Plaintiff-Appellant,

v.

THERIOT MARINE SERVICE, INC., Defendant-Appellee.

No. 75-2766.

United States Court of Appeals, Fifth Circuit.

June 22, 1977.

A. Bruce Rozas, Daniel J. McGee, Mamou, La., for plaintiff-appellant.

Harmon F. Roy, Lafayette, La., for defendant-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal by plaintiff, Allen Vezina, from a judgment in favor of defendant, Theriot Marine Service, Inc., following an adverse jury verdict in this seaman's personal injury suit. Several issues are raised on appeal, one of which we consider of sufficient gravity to warrant remand for a special evidentiary hearing.[1] It concerns the alleged misconduct of a juror.

Appellant alleges that he was prejudiced by the presence of Mrs. Lowery on the jury because she failed to disclose at voir dire examination that she and her husband had pending against them a $500,000 personal injury suit. Appellant also alleges that Mrs. Lowery, who was selected as foreman of the jury, made known her involvement in the pending suit to the other jurors and further expressed to them her prejudice and distaste for suits for damages arising from personal injuries. Plaintiff's counsel states that he obtained this information from an alternate juror who was excused prior to jury deliberation. Immediately after the jury verdict was returned an unnamed person approached plaintiff's counsel and told him that one of the men in the court room, one of the two alternate jurors, had something to say that counsel should hear. Counsel approached the person pointed out to him who said, according to counsel's recollection:

"I don't wonder that the judgment went against your client because Mrs. Lowery said, while we were waiting in the hall to get the charge, that she and her husband were defendants in a half-million dollar suit, and that these suits were good for nothing except to raise everybody's insurance rates."

Plaintiff's motion to set aside the verdict, for a new trial and for a hearing concerning the alleged misconduct of juror Lowery were denied.

It is not disputed that Mrs. Lowery and her husband were defendants in a pending one-half million dollar suit at the time of trial. Mrs. Lowery disclosed this information on voir dire for jury selection in another case on the same day but subsequent to the jury selection for the present case. Plaintiff's counsel was not present when the disclosure was made, having departed after the jury was impanelled for his client's trial. He learned of the disclosure

---

1. Plaintiff's injuries resulted from his fall on a wet and slippery galley deck while he was mopping its surface. His contentions on appeal that certain testimony and exhibits relative to the galley floor were inadmissible are not of sufficient merit to justify a new trial. His additional specification of error pertaining to the trial court's failure to charge that plaintiff was under the absolute authority of his superiors is without merit. The instructions given were thorough, fair and completely adequate. Consequently, there was no need for the proposed charge in the language suggested. The form and structure of a jury charge is within the discretion of a trial court. *Andry v. Farrell Lines, Inc.*, 5 Cir., 1973, 478 F.2d 758. We find no abuse of that discretion.

only after the filing of the motion for a new trial through information contained in a copy of defendant counsel's letter to the trial judge.[2] It is clear that Mrs. Lowery failed in the present case to disclose the pending litigation against her and her husband, despite general questioning on voir dire by the trial judge and counsel relative to possible prejudicial attitudes of the potential jurors,[3] and despite the statement by several jurors of their involvement in accident cases in the past.

 If a verdict is the result of prejudice, or for any other reason it appears that the jury abused its discretion on the issue of liability, the trial court must order a new trial. *Edwards v. Sears Roebuck and Company*, 5 Cir., 1975, 512 F.2d 276, 283; *Vidrine v. Kansas City Southern Railway Co.*, 5 Cir., 1972, 466 F.2d 1217, 1226. However, there is no proof in the record that the remarks attributed to Mrs. Lowery were actually made or that the other jurors were prejudiced by them since no evidentiary hearing on the subject was held.

Appellant cites *Photostat Corporation v. Ball*, 10 Cir., 1964, 338 F.2d 783 and *Consolidated Gas & Equipment Co. of America v. Carver*, 10 Cir., 1958, 257 F.2d 111, where the Tenth Circuit remanded for a new trial cases in which jurors withheld information on voir dire relative to their prior involvement as parties in personal injury cases. The court held that because of the "cogency and significance" of the suppressed information, the unsuccessful litigant's right of peremptory challenge was prejudicially impaired. *See Photostat*, supra, 338 F.2d at 787.

 In this Circuit there is no hard and fast rule requiring a new trial for failure of a juror at voir dire examination to disclose in a personal injury case the fact that he was a party in a similar case. In the absence of a showing of prejudice to a litigant the mere failure of a juror to make such a disclosure is not ground for a new trial. *Atlas Roofing Manufacturing Company v. Parnell*, 5 Cir., 1969, 409 F.2d 1191. The determination of whether a new trial should be granted because of jury misconduct is left to the sound discretion of the trial court and must be decided on an *ad hoc* basis. *See Garica v. Murphy Pacific Marine Salvaging Company*, 5 Cir., 1973, 476 F.2d 303; *Lowe v. O'Meara*, 5 Cir., 1973, 482 F.2d 1373.

The issues of alleged juror misconduct and the possible prejudicial effect thereof could have been resolved by an evidentiary hearing in the District Court. It is not too late to remedy the situation. Under the circumstances, we remand for an evidentiary hearing in accordance with this opinion.

REMANDED.

---

2. Counsel for plaintiff explained in his brief that all juries for all cases on the docket were selected on the same day, but this case being first, counsel was able to question only the first twelve jurors, and having selected the jury, departed and consequently did not hear other cases. It is apparent that defendant's counsel heard the response from Mrs. Lowery while she was being questioned for selection as a prospective juror in another case that same day.

3. On voir dire the trial judge asked: "Have any of you or any members of your immediate family within the last ten or fifteen years sustained any injuries or damages growing out of an accident which might have resulted in a claim against some other person, insurance company, partnership or corporation." A reading of the voir dire transcript indicates that the jury panel understood the question to relate to both plaintiff and defendant participation in prior personal injury cases; their responses in regard to their respective positions on both sides of a lawsuit evidence this understanding. Plaintiff's counsel supplemented the court's examination by asking of the prospective jurors: "[D]o any of you, in your own mind, know of any reason whatsoever that would prevent you from being a fair and impartial juror . . . Do you have any reason that you know of that would prevent you from doing this?" Mrs. Lowery made no reply.