Bennie G. CARR, Plaintiff-Appellant,

v.

Charles WATTS, Defendant-Appellee.

No. 111, Docket 78–7283.

United States Court of Appeals, Second Circuit.

Submitted Jan. 16, 1979.

Decided April 17, 1979.

John R. Williams, Williams, Wynn & Wise, New Haven, Conn., for plaintiff-appellant.

Joseph D. Garrison, Sp. Asst. Corp. Counsel, New Haven, Conn., for defendant-appellee.

Before WATERMAN, GURFEIN and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Plaintiff Bennie Carr brought an action under 42 U.S.C. § 1983 against defendant Charles Watts, a New Haven policeman. Carr claimed that Watts violated Carr's constitutional rights when in the course of an arrest Watts shot Carr in the arm with a bullet of a type designed to cause severe injury. The case came to trial before the United States District Court for the District of Connecticut, and a jury verdict was rendered in favor of the defendant. Plaintiff appeals.

The sole contention on appeal is that the method employed by the District Court for selection of the jury impermissibly impaired plaintiff's statutory right under 28 U.S.C. § 1870 to the exercise of three peremptory challenges. The relevant facts are undisputed. After a preliminary voir dire, the names of six jurors were drawn from the assembled veniremen. . Counsel were then required to exercise *all* of their peremptory challenges. The plaintiff's attorney objected and requested that any jurors challenged peremptorily be excused and replaced immediately, so that both sides would be able to exercise their remaining peremptory challenges against the replacements as well as against prospective jurors remaining from the original draw. The request was denied. Plaintiff then challenged two jurors but sought to reserve his remaining challenge until after the challenged jurors had been excused and new jurors had been drawn. The court also denied this request and ruled that the third peremptory challenge had been waived. Plaintiff's counsel excepted. Defendant then challenged one juror. The three challenged jurors were replaced, and the jury was seated without affording the plaintiff an opportunity to exercise a peremptory challenge against the replacements.

Both at the close of the evidence and after the verdict, plaintiff moved for a new trial because of the court's refusal to allow plaintiff to exercise his remaining peremptory challenge against the three replacement jurors. Both motions were denied.

The issue is whether a trial judge may order, in a civil case involving a single plaintiff and a single defendant, that *all* peremptory challenges awarded to a party must be exercised in the first round and against the original jurors seated, even though this leaves a party, against his expressed wish, with no peremptory challenges against replacements.

The peremptory challenge, which was characterized as an essential component of a jury trial by Coke and Blackstone,[1] is important in both civil and criminal cases. *See United States v. Turner,* 558 F.2d 535

---

1. *See Lewis v. United States,* 146 U.S. 370, 376, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); *Pointer v. United States,* 151 U.S. 396, 408, 14 S.Ct. 410, 38 L.Ed. 208 (1894).

(9th Cir. 1977); *Photostat Corp. v. Ball*, 338 F.2d 783, 785–86 (10th Cir. 1964). *Cf. Swain v. Alabama*, 380 U.S. 202, 217–19, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) (general language on peremptory challenge as part of "trial by jury"); *and cf. United States v. Newman*, 549 F.2d 240, 250 n. 8 (2d Cir. 1977) ("The same considerations apply to a plaintiff or a prosecutor."). The right is secured by statute, in civil actions by 28 U.S.C. § 1870.[2] The statute, however, prescribes only the number of peremptory challenges to which each *party* is entitled. It specifically leaves to the trial court's discretion the number and manner of exercise of peremptories in cases where there are "[s]everal defendants or several plaintiffs." 28 U.S.C. § 1870. *See, e. g., Doralee Estates, Inc. v. Cities Service Oil Co.*, 569 F.2d 716, 723–24 (2d Cir. 1977); *Fedorchick v. Massey-Ferguson, Inc.*, 577 F.2d 856 (3d Cir. 1978) (en banc); *Moore v. South African Marine Corp.*, 469 F.2d 280, 281 (5th Cir. 1972).

In cases where multiple parties are not involved, the statute is silent with regard to the mode of procedure. Nevertheless, "the statute preserves the common-law right to peremptorily challenge a prospective juror for suspicion of bias or partiality. The right is a traditional, arbitrary and capricious one and 'it must be exercised with full freedom, or it fails of its full purpose.' *Lewis v. United States*, 146 U.S. 370, 378 [, 13 S.Ct. 136, 139, 36 L.Ed. 1011 (1892)]. Thus, under statutory law, the court is the judge of actual bias, but counsel is the sole and exclusive judge of whom he shall challenge for suspected bias or prejudice against his client's cause." *Photostat Corp. v. Ball, supra*, 338 F.2d at 786 (Murrah, Ch. J.).

The question is whether the procedure employed by the trial court in the case on appeal substantially impaired the right of peremptory challenge.

The Seventh Circuit in *United States v. Mackey*, 345 F.2d 499, *cert. denied*, 382 U.S. 824, 86 S.Ct. 54, 15 L.Ed.2d 69 (1965), held that in a single-defendant criminal case, where the parties had an opportunity to strike ten jurors from the panel peremptorily, the court could properly provide that any remaining peremptory challenges could be used only against replacement jurors, and not against jurors sitting when the original peremptory challenges were made. We need not decide that question. Here the plaintiff was not permitted to challenge a *replacement juror* because he was deemed to have waived his unused peremptory challenge.

The Ninth Circuit went further in *United States v. Turner, supra*. Turner was one of three co-defendants. Each had three peremptory challenges, with the tenth challenge to be exercised jointly. During the *voir dire*, the Government excused one juror; each of Turner's co-defendants excused two jurors. Turner thrice accepted the jury panel as then constituted. However, when a new juror was called to replace one of the jurors challenged by a co-defendant, Turner tried to exercise a peremptory challenge against the new juror. The District Court refused to allow Turner's challenge on the ground that he had used all his peremptories by thrice accepting the jury panel as then constituted. The Ninth Circuit held that the trial court had impermissibly restricted the exercise of peremptory challenges by treating defense counsel's three-time acceptance of a jury panel, as then constituted, as a waiver of his three peremptory challenges.

■ We do not have to go so far in the present case. It is a common practice in

2. § 1870. Challenges

In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.

All challenges for cause or favor, whether to the array or panel or to individual jurors, shall be determined by the court.

this circuit for trial courts to specify in advance of *voir dire* that a party's failure to exercise a peremptory challenge on a particular round will result in a waiver of one challenge. But under such a procedure a party does not lose *all* the challenges he does not exercise at a particular round. Here, because the judge refused either to call replacements as each juror was challenged or to permit reservation of the last unexpended challenge, appellant, because he did not exercise his challenges at the one round designated, lost his unused challenge.

The effect was to bar the plaintiff's counsel from using his remaining peremptory challenge which was his as a matter of statutory right against the new jurors though he had neither exhausted nor waived it on the *voir dire* of six jurors. In these circumstances of direct impairment, we think that "[t]he denial or impairment of the right is reversible error without a showing of prejudice." *Swain v. Alabama, supra,* 380 U.S. at 219, 85 S.Ct. at 835.

Even the indirect error of improperly denying a challenge for cause that compels the unnecessary use of a peremptory challenge can be reversible error. *United States v. Rucker,* 557 F.2d 1046 (4th Cir. 1977); *United States v. Nell,* 526 F.2d 1223, 1227–30 (5th Cir. 1976).

We are, accordingly, constrained to reverse and to remand for a new trial in which jury selection will not be inconsistent with this opinion.