**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edwin Morrow CURRIE,
Defendant-Appellant.**

**No. 79–5044.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 4, 1979.

Decided Nov. 23, 1979.

Ronald Krelstein, Memphis, Tenn., for defendant-appellant.

W. J. Michael Cody, U. S. Atty., Memphis, Tenn., Marie E. Klimesz, Appellate Section, Civil Rights Division, Dept. of Justice, Drew S. Days, Asst. Atty. Gen., Walter W. Barnett, Washington, D.C., for plaintiff-appellee.

Before LIVELY and MERRITT, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

The defendant appeals from a jury conviction for violation of the civil rights of another person contrary to the provisions of 18 U.S.C. § 242. The appellant is a policeman who was off duty at the time he struck and injured one Russell C. Landers. On

appeal it is contended that the defendant was not acting under color of state law when he struck Landers, but was engaged in a personal pursuit. There was conflicting evidence on this issue and the jury, under proper instructions, determined that the defendant was acting under color of state law and with the requisite intent.

■ The defendant also contends that the district court committed reversible error in denying his motion for a new trial, in improperly excusing a qualified juror without cause, in limiting his closing argument to fifty-four minutes and in excluding evidence that Landers, the prosecuting witness, had been convicted of a felony approximately 40 years prior to time of trial. Upon review of the record and consideration of the briefs and arguments of counsel the court concludes that the district court did not abuse its discretion in the rulings complained of and that the defendant-appellant received a fair trial.

■ The motion for a new trial was based on the defendant's contention that several jurors had not answered truthfully certain questions on the juror qualification forms and questions to them concerning prior criminal convictions. The verdict was not void. *Kohl v. Lehlback*, 160 U.S. 293, 302, 16 S.Ct. 304, 40 L.Ed. 432 (1895). Rather, the issue was one addressed to the discretion of the trial judge. The district court conducted an evidentiary hearing, taking testimony of the jurors involved, and found there was no showing of bias or prejudice to the defendant. We find no abuse of discretion in this holding. *Cf. United States v. Vargas*, 606 F.2d 341 (1st Cir. 1979).

■ The contention that the sentence imposed by the district court was too severe does not present an issue for review.

The judgment of the district court is affirmed.