Allen VEZINA, Plaintiff-Appellant,

v.

THERIOT MARINE SERVICE, INC., Defendant-Appellee.

No. 78–1419.

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1980.

Paul C. Tate, Sr., Mamou, La., for plaintiff-appellant.

Harmon F. Roy, Lafayette, La., for defendant-appellee.

Before MORGAN, REAVLEY and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Appellant, Vezina, alleges that he was denied a fair trial because of the inclusion on his civil jury of a prejudiced juror. After a full evidentiary hearing, the trial court determined that appellant received a fair trial. Because we do not find the trial court's ruling clearly erroneous, we affirm.

Originally, a trial on the merits of appellant's seaman's personal injury suit resulted in a favorable judgment for appellee, Theriot Marine Service, Inc. After the trial, it was determined that a juror, Lowery, failed to disclose during voir dire that she and her husband were being sued. During voir dire in another case later that same day, she revealed that she was a defendant in a personal injury suit. In a prior appeal to this court, *Vezina v. Theriot Marine Service, Inc.*, 554 F.2d 654 (5th Cir. 1977) Vezina alleged that Lowery made a prejudicial statement during the course of the trial to the other jurors. We remanded for an evidentiary hearing to resolve the issues of potential juror misconduct and possible prejudicial effect.

At the hearing, five of the six jurors and both alternates testified. The sixth juror had left Louisiana. Lowery testified that she had made certain statements about her suit and the effect of such suits on insurance rates. She made these statements to an unidentified woman prior to the start of voir dire. The five jurors and one alternate stated that they never heard Lowery make such a statement. An alternate juror testified that Lowery, during a recess, said "a lot of money was being sought just like in her suit where the plaintiff was seeking $500,000." This alternate further testified that a man, identified only as wearing a green suit, admonished Lowery about discussing the case. Lowery denied any prejudice against either the appellant or negligence suits in general, although she admitted she was upset and "on a soapbox" about her case. The trial court concluded that the jury verdict was fair and free from prejudice.*

Appellant contends that he was denied a fair trial by the inclusion of Lowery on the jury.

■ We hold that appellant was not denied a fair trial. Lowery's failure to reveal that a suit was pending against her did not result in prejudice to Vezina and in a denial of his right to a fair trial. As we earlier stated in *Vezina*:

> [D]etermination of whether a new trial should be granted because of jury misconduct is left to the sound discretion of the trial court and must be decided on an ad hoc basis. See *Garcia v. Murphy Pacific Marine Salvage Co.*, 476 F.2d 305 (5th Cir. 1973); *Lowe v. O'Meare*, 482 F.2d 1373 (5th Cir. 1973).

554 F.2d at 656.

■■ We are bound to accept the trial court's findings of fact unless clearly erroneous. Fed.R.Civ.P. 52(a). Without evidence that a juror was influenced or prejudiced by Lowery's remarks, it cannot be said that the trial court abused its discretion.

■ We caution that where a trial judge undertakes conducting of the voir dire, it must be conducted in thorough, competent, and complete fashion. This court will not abide a trial court conducting the voir dire perfunctorily. The voir dire must be performed with sufficient thoroughness that the duty to learn a prospective juror's past history and personal prejudices is fulfilled.

Since the ruling of the trial court that the trial was fair is not clearly erroneous, the judgment is

AFFIRMED.

---

* The trial court mistakenly said that Lowery stated that she did not intend to conceal information, but she had not understood that she was being asked if she was the defendant in a suit. The record reveals no such statement by Lowery at the evidentiary hearing. We find this mistake to be harmless. Fed.R.Civ.P. 61.