**Leroy McCOY and Ladie Byrd Crawford, Plaintiffs-Appellants,**

v.

**Arthur B. GOLDSTON, Jr., Richard Papciak and the City of Detroit Police Department, Defendants-Appellees.**

No. 79–1102.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 20, 1980.

Decided June 26, 1981.

John C. Kaplansky, Southfield, Mich., for plaintiffs-appellants.

Roger E. Craig, Corp. Counsel, William Dietrich, William M. Moss, Isadore Torres, Detroit, Mich., for defendants-appellees.

Before MARTIN and JONES, Circuit Judges, and REED, District Judge.*

NATHANIEL R. JONES, Circuit Judge.

Plaintiffs appeal the district court's denial of their motion for either an evidentiary hearing or a new trial. In support of their motion, plaintiffs argued that one juror failed to disclose information during *voir dire* concerning her competency to sit on the case. For the reasons set forth below, we reverse the judgment of the district court and remand the case for an evidentiary hearing.

I.

Arthur Goldston, Jr. and Richard Papciak, two Detroit police officers, were on a routine patrol on October 17, 1974 in an area of Detroit which had an infestation of narcotics trafficking. In an alley behind Ladie Crawford's Beauty Salon, Goldston and Papciak observed two men handling a syringe and a small plastic package. One of the men fled and was chased by Papciak. The other, Leroy McCoy, who was employed at the salon, entered or was forced by Goldston into the salon. As Papciak returned to and entered the back room of the salon, he

* Honorable Scott Reed, District Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

observed McCoy and Goldston engaged in an altercation. Goldston drew his weapon and shot McCoy. Ladie Crawford, who was also involved in the altercation, witnessed the shooting. McCoy and Crawford were arrested. Charges of resisting arrest and obstructing a police officer were filed, but they were subsequently dropped.

Pursuant to 42 U.S.C. § 1983, McCoy and Crawford filed a complaint alleging that their civil rights had been violated by false arrest, false imprisonment, malicious prosecution, and assault and battery.

Before trial, counsel submitted proposed *voir dire* questions to the district court.[1] Pursuant to plaintiffs' counsel submissions, the district court asked the following questions to ascertain a prospective juror's possible or probable bias:

The Court: Does anyone else have any experience with any law enforcement agency, or any way with the law, whether it is a police department or any other agency?

Do any of you have any close friends or relatives who are connected or associated with any law enforcement agency or police department?

Three prospective jurors answered affirmatively. One disclosed that several of his friends were retired police officers. He was later excused by the district court because of a hearing problem. Another prospective juror stated that he had served as a military policeman while in the Army and had worked as a records supervisor and substitute corrections officer in 1953. He was peremptorily challenged by plaintiffs' counsel. A third prospective juror revealed that her husband was an auxiliary police officer who assisted in traffic control and similar duties.[2] She sat as a juror. Despite the disclosures of her fellow prospective jurors, Mrs. Cleo Green, the foreperson, did not reveal that her son was about to complete a training program as a parole officer.

After an unfavorable jury verdict on August 3, 1978, plaintiffs' counsel filed a Motion for a New Trial. Fed.R.Civ.P. 59.[3] Thereafter, the district court reluctantly permitted plaintiffs' counsel to interview three jurors. Plaintiffs' counsel interviewed two jurors. During these interviews, plaintiffs' counsel first learned that Mrs. Green's son was about to complete a training program as a parole officer. The juror who revealed to plaintiffs' counsel that Mrs. Green's son was training to become a parole officer allegedly stated: "Oh, I shouldn't have told you that, should I have?" He then attempted to interview Mrs. Green, the foreperson. She refused.[4] Based upon these and other facts, plaintiffs' counsel filed a Supplemental Motion for Relief From Judgment, Fed.R.Civ.P. 60(b), alleging *inter alia*, that Mrs. Green's silence during *voir dire* abrogated plaintiffs' right to peremptorily challenge her.

---

1. After inquiry by the district court of the first eight jurors seated, each counsel was given an opportunity to inquire of the seated panel generally and as to each juror individually. The plaintiffs exercised four peremptory challenges, the defendants three.

2. In response to these disclosures, the district court asked each of these three jurors the following additional questions:

The court well, understanding the kind of case that we have before us here, do you think that you would be influenced in anyway in a case of this kind?

Recognizing that some of you have had some association with police officers, do any of you feel that because of that association, you would, for example, place more evidence or more weight on the testimony of a police officer than you would that of any other witness?

Conversely, are there any of you who feel that you would place less weight and credence of the testimony of a police officer than you would that of any other witness that appeared before you?

3. This motion was based upon the following four grounds: (1) that the district court erred in directing a verdict for Papciak at the close of plaintiffs' proof; (2) that defense counsel's cross-examination of McCoy was improper; (3) that defense counsel's closing argument referred to facts not in evidence and (4) that the jury's verdict was against the weight of the evidence.

4. Mrs. Green contacted the district court which advised her that she was not required to consent to an interview.

The district court denied plaintiffs' counsel's request for either an evidentiary hearing or a new trial, stating:

> Mrs. Green's response to the question regarding law enforcement may well be, in the technical sense, inaccurate, but not necessarily to a lay person. Then, too, the information obtained indicated that Mrs. Green's son was in training, not yet a parole officer. However, the critical issue is whether Mrs. Green was prejudiced or would favor police officers and her answer to the question of credibility was negative. At most, then, we have an inadvertent concealment of less than prejudicial impact.

Plaintiffs appeal.

## II.

The sole issue on appeal is whether the district court abused its discretion by denying plaintiffs' motion for either a new trial, relief from judgment, or an evidentiary hearing because of juror misconduct.

■■ It is well settled that a district court's determination on a motion for either a new trial or relief from judgment because a juror failed to fully disclose information during *voir dire* is reversible only for either an abuse of discretion, *Vezina v. Theriot Marine Service*, 610 F.2d 251, 252 (5th Cir. 1980); *Thomas v. Nuss*, 353 F.2d 257, 259 (6th Cir. 1965), or a clear error of law in the exercise of this discretion; *Gorsalitz v. Olin Mathieson Chemical Corporation*, 429 F.2d 1033, 1045 n.16 (5th Cir. 1970). An evidentiary hearing on a juror's alleged failure to disclose information during *voir dire* must be granted when the movant has alleged facts which establish a *prima facie* case of impropriety. *Standard Alliance Industries, Inc. v. The Black Clauson Company*, 587 F.2d 813, 828, n.32 (6th Cir. 1978); *Vezina v. Theriot Marine Service, Inc.*, 554 F.2d 654 (5th Cir. 1977); *Pepper v. Bankers Life and Casualty Co.*, 387 F.2d 248, 254 (8th Cir.

1968). *See also, Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Hathorn v. Trine*, 592 F.2d 463, 464 (8th Cir. 1979). Any doubt should be resolved in favor of granting the motion for an evidentiary hearing. *Compare United States v. Franzese*, 525 F.2d 27, 31–2 (2nd Cir. 1975), *with Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973). Applying these principles, we hold that plaintiffs' Motion for Relief From Judgment establishes a *prima facie* case of impropriety. Thus, the district court abused its discretion by failing to hold an evidentiary hearing on Mrs. Green's failure to disclose that her son was about to commence a career as a probation officer.[5]

■■ The right to an impartial jury in civil cases is inherent in the Seventh Amendment's preservation of a "right to trial by jury" and the Fifth Amendment's guarantee that "no person shall be denied of life, liberty or property without due process of law." *Kiernan v. VanSchaik*, 347 F.2d 775, 778 (3rd Cir. 1965). Though the Constitution guarantees only a fair and impartial jury, free from actual bias or prejudice, "a juror's impartiality may not be assumed without inquiry." *Id.* at 779. The proper occasion for such determination is upon the *voir dire* examination. Though an answer on *voir dire* may not disclose a legal basis for challenge for cause, it "will be available in the intelligent use of the peremptory challenge." *Id.* As was aptly stated in *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965):

> The essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court's control. *State v. Thompson*, 68 Ariz. 386, 206 P.2d 1037 (1949); *Lewis v. United States*, 146 U.S. 370, 378 [13 S.Ct. 136, 139, 36 L.Ed.2d 1011]. While challenges for

5. Though we have held that the district court erroneously failed to conduct an evidentiary hearing to develop a record upon which to base its findings of fact, *see e. g. Haney v. Rose*, 642 F.2d 1055, 1057 (6th Cir. 1981), District Judge Pratt evinced a proper sensitivity to a litigant's right to complete disclosure of information on *voir dire* by permitting plaintiffs' counsel to interview jurors, by holding oral argument on plaintiffs' motion for a new trial, and by writing a thoughtful memorandum opinion below.

cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable. *Hayes v. Missouri*, 120 U.S. 68, 70 [7 S.Ct. 350, 351, 30 L.Ed. 578].

*Id.* at 220, 85 S.Ct. at 836.

The persistence of peremptories and their extensive use demonstrate the long and widely held belief that peremptory challenge is a necessary part of trial by jury. See *Lewis v. United States*, 146 U.S. 370, 376 [13 S.Ct. 136, 138, 36 L.Ed. 1011]. Although "[t]here is nothing in the Constitution of the United States which requires the Congress [or the States] to grant peremptory challenges," *Stilson v. United States*, 250 U.S. 583, 586 [40 S.Ct. 28, 30, 63 L.Ed. 1154], nonetheless the challenge is "one of the most important of the rights secured to the accused," *Pointer v. United States*, 151 U.S. 396, 408 [14 S.Ct. 410, 414, 38 L.Ed. 208]. The denial or impairment of the right is reversible error without a showing of prejudice, *Lewis v. United States, supra; Harrison v. United States*, 163 U.S. 140, [16 S.Ct. 961, 41 L.Ed. 104]; cf. *Gulf, Colorado & Santa Fe R. Co. v. Shane*, 157 U.S. 348 [15 S.Ct. 641, 39 L.Ed. 727]. "For it is, as Blackstone says, an arbitrary and capricious right; and it must be exercised with full freedom, or it fails of its full purpose." *Lewis v. United States, supra*, [146 U.S.] at 378 [13 S.Ct. at 139].

*Id.* at 219, 85 S.Ct. at 835.

The principles and reasoning articulated in *Swain* are a well-established part of this Circuit's jurisprudence. In *Beatty v. United States*, 27 F.2d 323 (6th Cir. 1928), this Circuit recognized that:

> Though an affirmative answer to [a] question would not disclose legal basis for challenge for cause, but quite plainly, it would be a natural inducement as to the exercise of a peremptory challenge.

While it would not be presumed that a juror would have from such association, any prejudice which would prevent him from obeying the instructions of the court, yet we must regard such information as this as within that minimum which respondent is entitled to have as the basis of a peremptory challenge.

*Id.* at 324. *Accord, Carr v. Watts*, 597 F.2d 830, 832 (2d Cir. 1979); *Photostat Corp. v. Ball*, 338 F.2d 783, 786–87 (10th Cir. 1964); *Daniels v. United States*, 357 F.2d 587, 591–92 (D.C.Cir.1966) (Bazelon, J., dissenting); *Faith v. Neely*, 41 F.R.D. 361, 367 (N.D.W. Va.1966). Thus, it would be an aberration in the administration of justice if a juror could simply remain silent during *voir dire* and fail to disclose potentially disqualifying information.

We come, then, to the question to be decided: whether plaintiffs have alleged facts which establish a *prima facie* case that their "right to peremptory challenge was prejudicially impaired?" *Vezina, supra*, 554 F.2d at 656. If so, then the district court must conduct a formal inquiry into the juror's alleged withholding of information during *voir dire.*

First, deliberate concealment or purposefully incorrect responses during *voir dire* suffice to show a prejudicial impairment of the right to the exercise of peremptory challenges. A district court should consider the following factors to determine if a juror has intentionally concealed or purposefully given incorrect answers:

A. Whether the question asked sufficiently inquired into the subject matter to be disclosed by the juror.[6]

B. Whether the response of other jurors to the question asked would put a reasonable person on notice that an answer was required.[7]

C. Whether at any time during the trial the juror became aware of his false or

---

6. *Vezina v. Theriot Marine Service, Inc.*, 554 F.2d 654, 656 (5th Cir. 1977); *Bal Theatre Corp. v. Paramount Film Distributing Corp.*, 206 F.Supp. 708, 721 (N.D.Cal.1962); see also *Blake v. Cich*, 79 F.R.D. 398, 401 (D.Minn.1978).

7. *Vezina v. Theriot, supra*, at 656.

misleading answer and failed to notify the district court.

■ Second, a prejudicial impairment of the right to the exercise of peremptory challenges also is established if the undisclosed information is indicative of probable bias concerning either a material aspect of the litigation or its outcome.[8]

We believe plaintiffs have alleged sufficient facts under both of the above-stated tests to require the holding of an evidentiary hearing. Mrs. Green's failure to disclose that her son was training to become a probation officer in response to the question regarding law enforcement was technically inaccurate. This is particularly true because one prospective juror disclosed that he had served as a substitute corrections officer in 1953 and was peremptorily challenged by plaintiffs' attorney. Additionally, the juror who revealed to plaintiffs' counsel that Mrs. Green's son was about to become a probation officer stated: "Oh, I shouldn't have told you that, should I have?"

Plaintiffs' complaint alleged, *inter alia,* assault and battery against them by police officers. Because Mrs. Green failed to disclose that her son was training to become a probation officer, she did not affirmatively state that this would not affect her determination of a witness's credibility. *See* note 2, *supra.* In this case, Mrs. Green's son's employment as a probation officer could be indicative of probable bias concerning either a material aspect of the litigation or its outcome. Nor are we prepared to hold on the present record that an individual's employment as a probation officer might not be so prejudicial as to require a juror's disqualification as a matter of law. *See, Deschenes v. United States,* 224 F.2d 688 (10th Cir. 1955); *Cavness v. United States,* 187 F.2d 719 (9th Cir. 1951).

In summary, we hold that jurors will be examined as a witness in a post-trial hearing on a motion for a new trial only after a party has presented a sufficient evidentiary basis to raise a fact issue of prejudice under the above-stated tests.[9]

### III.

■ It is appropriate to set forth the standard for district courts to apply in deciding whether a new trial is necessary because a juror failed to disclose information during *voir dire.* As noted above, the Constitution guarantees litigants in a civil case a fair and impartial tribunal, free from actual bias or prejudice. Consequently, a showing of juror bias is the touchstone to determine whether to grant a new trial, *United States v. Currie,* 609 F.2d 1193 (6th Cir. 1979) (per curiam); *see also, Vezina, supra,* at 656.

■ "The bias of a prospective juror may be actual or implied, that is, it may be bias in fact or bias conclusively presumed as a matter of law." *United States v. Wood,* 299 U.S. 123, 133, 57 S.Ct. 177, 179, 81 L.Ed. 78 (1936). Applying these principles, we hold that a new trial must be granted where the undisclosed information would have resulted in the juror's disqualification for cause. This occurs when either the juror admits a feeling of partiality or "the judge makes a pragmatic judgment that there is a substantial possibility of the juror unconsciously favoring one side or another". *Daniels, supra,* at 591. We also hold that a district judge shall presume bias, and grant a new trial, when a juror deliberately concealed information or gave a purposefully incorrect answer. *Id.* A finding of deliberate concealment or mendacious conduct shall be guided by the factors set forth in Section II of our opinion.

We do not believe that the application of the above-stated tests will result in the "unwarranted reversals of perfectly fair

---

8. *Kissell v. Westinghouse Electric Corp.,* 367 F.2d 375, 376 (1st Cir. 1966); *Photostat Corporation v. Ball,* 338 F.2d 783, 787 (10th Cir. 1964); and *Bal Theatre Corp. v. Paramount Film Distributing, supra* at 724; with *Vezina v. Theriot, supra* at 656.

9. In all cases, the allegations in the moving papers must be sufficiently specific, detailed, and nonconjectural so that fact issues are raised.

jury verdicts" and "inject an unjustifiable degree of instability into the jury system." *Fritz v. Boland & Cornelius*, 287 F.2d 84 (2d Cir. 1961).

Accordingly, the judgment of the district court is REVERSED and the case is RE-MANDED for appropriate proceedings.

REED, District Judge, dissenting.

I feel impelled to dissent from the holding of the majority in this case.

I have no particular disagreement with most of the abstract principles of law elucidated in the well written majority opinion. My difficulty is in applying those principles to the peculiar facts of this case.

As is so often the case, we are dealing with clashing policy considerations. There are strong reasons to support the finality of judgments and to oppose the post trial interrogation of jurors and analysis of their motives. On the other side of the scale is the desire to provide a fair trial to every litigant. Misrepresentations during the *voir dire* cannot be countenanced.

The majority notes that a district court's determination on a motion for either a new trial or relief from judgment because a juror failed to fully disclose information during *voir dire* is reversible only for either an abuse of discretion by the trial judge or a clear error of law in the exercise of that discretion. Having stated this principle, the majority points out that the trial judge evinced a proper sensitivity to the litigants' rights, "by permitting plaintiffs' counsel to interview jurors, by holding oral argument on plaintiffs' motion for a new trial, and by writing a thoughtful memorandum opinion." (Majority opinion at 657, n.5)

The reason for not establishing a *per se* rule is that the law, as repeatedly interpreted, delegates the disposition of this issue to the reasonable discretion of the trial judge. An exercise of discretion is required where the operative factual patterns are so shaded and varied that a value judgment must be made in each case. *Per se* rules have little or no place in the post trial consideration of *voir dire* responses.

In my view the district judge demonstrated great sensitivity to the fundamental rights of the litigants and the counterbalancing policies involved in this case.

Having considered all of the circumstances in this case, I cannot agree that the trial judge abused his discretion. The trial judge determined that the juror's answer was at most "an inadvertent concealment of less than prejudicial impact." (Majority opinion at 657) I would affirm the judgment and therefore respectfully dissent.