803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HOWARD L. GROOMS, Petitioner-Appellant
v.
ARNOLD R. JAGO, Superintendent, Respondent-Appellee.
 No. 86-3062.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1986.
 
 Before: MARTIN and GUY, Circuit Judges; and SUHRHEINRICH,* District Judge.
 PER CURIAM.
 
 
 1
 Howard L. Grooms filed a petition for a writ of habeas corpus claiming that juror misconduct during his Ohio state criminal trial violated his right to a fair trial by an impartial, unbiased jury. The district court denied both the petition and the necessity of an evidentiary hearing on the juror misconduct. Because this Court finds that a hearing is required, we remand the petition to the district court.
 
 
 2
 Mr. Grooms was tried before Judge Mullins of the Scioto County Court of Common Pleas. Judge Mullins' bailiff was Mary Crabtree. One of the prospective jurors at Mr. Grooms' trial was Michael Crabtree, Mary Crabtree's son. At the time of the trial, there was a vacancy in the position of bailiff/chief probation officer for Judge Marshall, the other judge of the Scioto County Court of Common Pleas. Michael Crabtree applied for this position.
 
 
 3
 During the voir dire examination, the court asked the prospective jurors: "Does anyone in your family work for any law enforcement agency?" Mr. Crabtree answered that his brothe worked as a park ranger. However, Mr. Crabtree failed to mention that his mother was the bailiff in that very courtroom. Mr. Crabtree also failed to disclose that on the morning of voir dire, he had applied for the vacant bailiff/chief probation officer position. Following voir dire, Mr. Crabtree was seated as a juror in the Grooms trial. After the trial was completed, Mr. Crabtree learned that he had been accepted as the bailiff and chief probation officer. Mr. Crabtree prepared the pre-sentence investigation report for Mr. Grooms.
 
 
 4
 Following his jury conviction, Mr. Grooms filed a motion for acquittal or, in the alternative, a motion for a new trial alleging, among other things, juror misconduct. The motion was denied without a hearing. Mr. Grooms then exhausted his state remedies and proceeded to file his petition for habeas corpus relief in federal court. Before this Court, Mr. Grooms argues that juror bias should be implied so that a new trial is granted. In the alternative, he has requested an evidentiary hearing on the issue before the district court.
 
 
 5
 Mr. Grooms argues that Mr. Crabtree may have been biased against him because by serving on a jury that convicted a person, Mr. Crabtree may have believed he would demonstrate an ability to deal with criminals. Mr. Grooms also asserts that strong bias is demonstrated because while Mr. Crabtree mentioned that his brother worked as a park ranger, he allegedly deliberately concealed his mother's work as a bailiff and his application for the position of bailiff/chief probation officer.
 
 
 6
 Mr. Grooms argues that the Supreme Court decisions and concurring opinions in McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548 (1984), and Smith v. Phillips, 455 U.S. 209 (1982), support the granting of a new trial on the finding of implied bias. We need not decide whether these decisions support this proposition, for we hold that under the facts as developed a finding of implied bias is not warranted in this case. We have no conclusive proof in the record that Mr. Crabtree deliberately concealed the information nor are the surrounding circumstances as developed of such an exceptional nature that bias should be implied. See, e.g., McDonough Power Equipment, 464 U.S. at 556-57 (Blackmun, J., concurring).
 
 
 7
 Mr. Grooms argues that even if these circumstances do not require the grant of a new trial on the basis of implied bias, this Court should remand for the district court to hold an evidentiary hearing on his claim. The critical role of evidentiary hearings in juror misconduct cases is well-established. See Smith v. Phillips, 455 U.S. at 215. This Court has held that if a petitioner establishes a prima facie case that his right to peremptory challenge has been prejudicially impaired, then the district court must conduct a hearing. McCoy v. Goldston, 652 F.2d 654, 658 (6th Cir. 1981). This Court set forth the factors to determine whether this right has been prejudiced:
 
 
 8
 First, deliberate concealment or purposefully incorrect responses during voir dire suffice to show a prejudicial impairment of the right to the exercise of peremptory challenges. A district court should consider the following factors to determine if a juror has intentionally concealed or purposefully given incorrect answers:
 
 
 9
 A. Whether the question asked sufficiently inquired into the subject matter to be disclosed by the juror.
 
 
 10
 B. Whether the response of other jurors to the question asked would put a reasonable person on notice that an answer was required.
 
 
 11
 C. Whether at any time during the trial the juror became aware of his false or misleading answer and failed to notify the district court.
 
 
 12
 Second, a prejudicial impairment of the right to the exercise of peremptory challenges also is established if the undisclosed information is indicative of probable bias concerning either a material aspect of the litigation or its outcome.
 
 
 13
 Id. at 658-59 (footnotes omitted).
 
 
 14
 This Court believes that Mr. Grooms has alleged sufficient facts under these considerations to warrant a hearing before the district court. The questioning of Mr. Crabtree "sufficiently inquired into the subject matter to be disclosed by the juror" such that his answer mentioning his brother, the park ranger, while ignoring his mother, the courtroom bailiff, raises a substantial question whether his answer was purposefully incorrect. Moreover, Grooms has presented sufficient arguments that Mr. Crabtree's status as a bailiff/chief probation officer applicant coupled with his mother's status as courtroom bailiff was "indicative of probable bias concerning either a material aspect of the litigation or its outcome." See McCoy v. Goldston, 652 F.2d at 659.
 
 
 15
 Accordingly, the case is remanded to the district court for an evidentiary hearing on Mr. Grooms' claim of prejudicial juror misconduct.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation