Richard **CUNNINGHAM**,
Plaintiff–Appellant,

v.

**SEARS, ROEBUCK AND CO.**,
Defendant–Appellee.

No. 87–3751.

United States Court of Appeals,
Sixth Circuit.

Submitted July 21, 1988.

Decided Aug. 23, 1988.

---

Leo P. Ross, Columbus, Ohio, for plaintiff-appellant.

David J. Young, Murphey, Young & Smith, Columbus, Ohio, Steven W. Tigges, for defendant-appellee.

Before MERRITT, KRUPANSKY and BOGGS, Circuit Judges.

MERRITT, Circuit Judge.

Appellant seeks a review of the District Court's denial of his motion for new trial in this 42 U.S.C. § 1981 race discrimination case on grounds that a juror, who in voir dire denied knowing any witnesses in the case, in fact had been acquainted in the past with a key witness.

In brief, during voir dire the juror in question, who was the only black juror, replied when read a list of prospective witnesses that she did not know, among others, a key witness for the plaintiff Cunningham. When that witness, who also was black, later testified, she informed Cunningham following her testimony that she had recognized and knew the juror in question. Neither plaintiff nor plaintiff's counsel informed the court of this development, and the plaintiff apparently did not inform his counsel.

Immediately after the jury returned its verdict against Cunningham, he discussed the juror-witness problem with counsel, who advised him to pursue it further. That night, Cunningham called the witness and, in a conversation he tape-recorded, learned that she had worked with the juror some 25 years previously.

Plaintiff's counsel subsequently moved for new trial. An evidentiary hearing ensued at which the tape-recording was played and at which plaintiff was the only witness—neither the juror nor the witness testified live. The District Court then denied the motion on the basis that (1) the juror-witness association did not rise to a level sufficient to suggest bias, and (2) plaintiff's pre-verdict knowledge of the association and his choice "to gamble on that fact and having lost ... precluded [plain-

tiff] from now raising a claim of error on that basis." Hearing Tr. at 20.

Appellant has not shown that the juror deliberately concealed the association, *McCoy v. Goldston*, 652 F.2d 654, 659 (6th Cir.1981), and therefore bias of the juror must be proved and may not be implied. He has not shown actual bias and therefore has not shown that the "concealed" association affected his right to an impartial jury. *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). Ordinarily this would end the matter, because a party seeking a new trial on grounds of juror bias bears the burden of proof. *Id.* Because there is some suggestion in appellant's brief, although none in the record, that the District Court did not permit appellant to subpoena the juror to the post-trial hearing, however, we do not rest our decision solely on this ground.

Rather, we rely on undisputed findings of the District Court, based on admissions by the plaintiff-appellant in testimony at the hearing, that plaintiff learned during the trial of the contested association and kept the information to himself because he thought it would make the juror favorable *to him.*

We agree with the Fifth Circuit that a party with knowledge of this type "must make a timely objection and is not permitted to take his chances on a favorable verdict and if unfavorable get a second bite of the apple." *Garcia v. Murphy Pacific Marine Salvaging Co.*, 476 F.2d 303, 306 n. 2 (5th Cir.1973).

Finally, we note that appellant's counsel, Leo P. Ross of Columbus, Ohio, makes no mention in his brief of his client's knowledge during trial and did not designate for inclusion in the Joint Appendix the District Court's ruling from the bench at the hearing, which included findings on this issue. Rather, in an apparent effort to mislead the court as to the true facts, appellant's brief asserts only: *"Within several days after the conclusion of the second trial of this action,* it was learned that a juror ... had failed to·completely and correctly answer a question posed by the Court during the voir dire." Brief at 2 (emphasis supplied). Based on the record before us, counsel's treatment of this issue constitutes a serious misrepresentation of the facts. Although we recognize that counsel has a duty to zealously represent his client, there is a degree of candor necessary for effective disposition of cases in this Court that counsel owes as an officer of the court. His failure in this regard suggests bad faith. Accordingly, appellant's counsel is given notice that should such conduct recur, the Court will recommend that counsel be cited to show cause why he should not be held to have acted in bad faith and be subject to sanctions under the inherent power of this Court. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766–67, 100 S.Ct. 2455, 2464–65, 65 L.Ed.2d 488 (1980); Sixth Circuit Interim Rule on Attorney Discipline, adopted July 6, 1988; Sixth Circuit Local Rule 11(*l*); Sixth Circuit Internal Operating Procedure 12.12. The clerk shall send a copy of this opinion to the disciplinary authorities of the Ohio and Columbus Bar Associations.

The judgment of the District Court is AFFIRMED.