**Christopher J. TROSCLAIR, Plaintiff,**

v.

**TEXACO, INC., Kemper Insurance Company, Defendants.**

Civ. A. No. 80–1316.

United States District Court, E. D. Louisiana.

May 11, 1982.

Edward C. Alker, Metairie, La., for plaintiff.

John R. Peters, Jr., New Orleans, La., for defendants.

## MEMORANDUM OPINION

CASSIBRY, District Judge:

By motion for a new trial, the plaintiff, Christopher J. Trosclair, alleges, *inter alia*, that the jury may have been improperly influenced during its deliberations by the presence of the alternate juror in the jury room. The motion of plaintiff for a new trial is DENIED and the minute entry of April 22, 1982 is AMENDED as set forth herein.

### Reasons

At the close of the trial of this matter, and after charging the jury on the law, the court discharged the alternate juror prior to directing the other members of the jury to the deliberation room. However, unknown to the court or the attorneys, the alternate juror then went to the jury room to retrieve her coat, and she remained in the room during the jury deliberations. It was only as the jury filed back into the courtroom to report their verdict[1] that the United States Marshal in charge of the jury realized that *seven* rather than *six* jurors had been present in the jury deliberation room. In his motion, plaintiff alleges that this error requires that a new trial be held. I find, however, that the error was harmless,[2] and for that reason I deny the motion for a new trial on this ground.

A hearing was held in chambers on March 3, 1982 to determine if the alternate juror played any role whatsoever in the jury deliberations.[3] Counsel for both sides were present as each juror, including the alternate, was questioned. Each juror testified that the alternate juror neither said anything during the deliberations nor made any sort of physical gesture at all. Each juror also testified that the presence of the alternate juror had no influence whatsoever on his or her vote. The alternate juror testified that she understood that she could not vote or participate in the deliberations in any way, but that she was not aware that she should not even be in the jury room during deliberations at all.

In light of the above, it is clear that there is not a scintilla of evidence suggesting that either party was prejudiced in any way by the presence of the alternate juror in the jury room; therefore, I find that under these particular circumstances the error committed was harmless.

The other grounds upon which plaintiff seeks a new trial are without merit.

---

1. In this Jones Act suit, the jury returned a verdict in favor of the defendant, Texaco, Inc.

2. *See, e.g., La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1367 (5th Cir. 1971); *Vezina v. Theriot Marine Service, Inc.*, 610 F.2d 251, 252 (5th Cir. 1980).

3. *See United States v. Allison*, 481 F.2d 468, 471–72 (5th Cir. 1973).