# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-31208

JOHN HIRAM PERRY, JR.;  DEIDRE PERRY,

Plaintiffs - Appellees-Cross Appellants,

versus

WAL-MART STORES, INC.; ET AL.,

Defendants,

WAL-MART STORES, INC.,

Defendant - Appellant-Cross-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana, Alexandria
(USDC Docket No. 96-CV-2914)

February 25, 2000

Before POLITZ, GARWOOD, and DAVIS, Circuit Judges.

POLITZ, Circuit Judge:[*]

Wal-Mart Stores, Inc., appeals an adverse jury verdict in favor of John Hiram Perry, and the denial of its post-verdict motions.  For the reasons assigned, we affirm.

## BACKGROUND

Perry injured his back while helping to load a riding lawnmower into a pickup truck at the home of his stepfather, Johnny Fruge.  Fruge had purchased a

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mower from Wal-Mart, Perry's former employer, a week earlier. It was defective. Wal-Mart sent an employee to deliver a replacement mower and to recover the first unit. From time to time Wal-Mart has instructed its employees to use personal vehicles to transport large products to customers. When dispatched, the employee asked the store manager to send another employee along to assist in the unloading. The manager declined because all personnel were busy.

Upon arrival at Fruge's home the replacement mower was unloaded without incident but it malfunctioned. The three men then sought to reload the mower into the truck. Perry injured his back during the effort.

Perry's doctor released him to do light work within two months of the accident, including the lifting of up to twenty pounds. By the time of trial, this was increased to medium-level work but no repetitive or heavy lifting. Perry has a tenth grade education, reads at high school level, spells at fifth grade level, with seventh grade math skills. Before the accident his annual earnings ranged from $5,000 to $12,000. His work history included only heavy work assignments with skills not transferrable to a light duty market. He has not worked since the accident.

In the instant personal injury suit, the jury awarded Perry and his wife $322,542.38 for past and future pain and suffering, past lost wages, diminished earning capacity/lost wages, past and future medical expenses, and past and future loss of consortium.

Wal-Mart moved for judgment as a matter of law. It also sought a new trial on negligence and damages. Alternatively, it asked for a remittitur of the damages

2

award. The trial court denied all motions and this appeal followed.

## ANALYSIS

### 1. Jury Instruction

Wal-Mart contends that the district court erred in giving the following instruction:

> In this case, the alleged wrongful conduct of the defendant is the failure to act or nonfeasance. In such cases, courts have found it necessary for some definite relationship between the parties to exist, such that social policy justifies the imposition of a duty to act upon the defendant. Plaintiffs can establish such a definite relationship by showing either: one, that Perry was a Wal-Mart customer; or two, that he was requested by Wal-Mart, *either explicitly or implicitly*, to assist in loading the lawn mower. (emphasis added)

Wal-Mart correctly notes that no duty is owed to a volunteer[1] and contends that this charge may have misled the jury. We are not persuaded. A successful challenge to a jury instruction "must demonstrate that the charge as a whole creates 'substantial and ineradicable doubt whether the jury has been properly guided in its deliberations.'"[2] The challenged instruction is in accord with Louisiana law and no such doubt exists herein. It is unlikely that the jury understood the instruction in a way that would permit liability based on Perry's uninvited assistance. The instruction properly informed the jury that if Perry was not found to be a Wal-Mart customer, liability requires a request for assistance. That request might be specific or implicit, the latter from conduct or a verbal

---

[1] **Pratt v. Lifemark Corp.**., 531 So.2d 488 (La. App. 1988).

[2] **Flores v. Cameron County**, 92 F.3d 258 (5th Cir. 1996) (quoting **F.D.I.C. v. Majalis**, 15 F.3d 1314 (5th Cir. 1994)).

request not using words of solicitation.[3]  We perceive no error.

## 2.  Comparative Negligence

Wal-Mart contends that the jury's finding that Perry was not comparatively negligent is against the great weight of the evidence and that his fault was the most significant, if not only, cause of his injuries.  It further contends that the jury ignored the law and based its decision on compassion, evidenced by a note a juror sent the judge after the verdict in which the juror offered to help Perry find a job. Wal-Mart seeks a re-allocation of fault or, alternatively, a remand for a new trial.

Apportionment of fault is a fact determination which we review for clear error.[4]  If a jury could have reached different results, its findings will be upheld if supported by the evidence viewed in the light most favorable to the verdict.[5]  A verdict may be set aside if the facts and inferences point so overwhelmingly in favor of one party that a reasonable jury legally could not reach the challenged verdict.[6]  Our review of a trial court's ruling on a motion for a new trial is limited to abuse of discretion.[7]  We afford even "greater deference when the district court

---

[3]Perry testified that upon arriving the Wal-Mart deliveryman called out: "Y'all ready to unload this lawnmower?"

[4]**Tullos v. Resource Drilling, Inc.**, 750 F.2d 380 (5th Cir. 1985).

[5]**Vickers v. Chiles Drilling Co.**, 882 F.2d 158 (5th Cir. 1989); **Dawson v. Wal-Mart Stores, Inc.**, 978 F.2d 205 (5th Cir. 1992).

[6]**Dawson**, 978 F.2d 205.

[7]**Lucas v. American Mfg. Co.**, 630 F.2d 291 (5th Cir. 1980).

has denied [a] new trial motion ... and left the jury's determination undisturbed."[8]

Wal-Mart contends that Perry failed to exercise reasonable care, noting that he was aware of the weight of the mower, knew of his prior back problems, and failed to take appropriate safety precautions. The record contains ample evidence to support the jury's findings in favor of Perry. Both Perry and the driver testified that they had no reason to believe that lifting the mower was dangerous. Perry lifted heavy objects while employed at Wal-Mart. Wal-Mart further contends that Perry was the superior actor. There is evidence to the contrary. The store manager instructed the driver to make delivery under circumstances that made Perry's assistance necessary. We perceive no error.

## 3. Damages

Wal-Mart maintains that the award of $30,000 for past lost wages and $100,000 for future loss of wages and diminished earning capacity was excessive and that the district court abused its discretion in not granting its motion for remittitur of the total damages to $2,000, or granting a new trial.

We review an award of damages for clear error,[9] overturning same only upon a clear showing of excessiveness or influence by passion or prejudice[10] or if the award is "entirely disproportionate to the injury sustained."[11] "Only where it is 'so

---

[8]**Dawson**, 978 F.2d at 208.

[9]**Ham Marine, Inc. v. Dresser Indus., Inc.**, 72 F.3d 454 (5th Cir. 1995).

[10]**Eiland v. Westinghouse Elec. Corp.**, 58 F.3d 176 (5th Cir. 1995).

[11]**Caldarera v. Eastern Airlines, Inc.**, 705 F.2d 778, 784 (5th Cir. 1983).

large as to shock the judicial conscience, so gross or inordinately large as to be contrary to right reason, so exaggerated as to indicate bias, passion, prejudice, corruption or other improper motive' will [this court] reverse a jury verdict for excessiveness."[12] We review the district court's denial of a new trial and remittitur for abuse of discretion.[13]

Wal-Mart contends that the jury based its verdict on sympathy for Perry, as demonstrated by the note by one of the jurors offering to help Perry find a job. It suggests that the evidence of past lost wages supports a maximum award of $2,000. At the time of trial, Perry had not worked since the accident and had not sought assistance in finding work from his vocational rehabilitation expert. Prior to the accident, his annual earnings never exceeded $12,000. Within two months of the accident, he was released by one of his doctors to do light work and authorized to lift up to 20 pounds, and was later cleared by another doctor to do medium work as long as it did not involve heavy lifting or repetitive bending or twisting. Wal-Mart claims that Perry's past lost wages could not have been more than two months' pay at his highest yearly rate of pay, or $2,000.

The evidence of past lost wages is conflicting, however. At the time of the accident, Perry was working fifty to sixty hours a week at $7.50 per hour. Perry's economist testified that based on that rate of pay, Perry lost more than $37,000 between the time of the accident and trial. Although Perry was permitted to do

[12]**Ham Marine**, 72 F.3d at 462 (quoting **Caldarera**, 705 F.2d at 784).

[13]**Eiland**, 58 F.3d 176.

"some light type work activity" within two months of the accident, it is not clear what work he would have returned to. The evidence is conflicting on work efforts. On this record we cannot say that the jury clearly erred or that the trial court abused its discretion in denying remittitur or a new trial.

Wal-Mart next contends that Perry suffered no loss of future earnings. Under Louisiana law lost earnings is not synonymous with future lost earnings.[14]

> Earning capacity in itself is not necessarily determined by actual loss; damages may be assessed for the deprivation of what the plaintiff could have earned despite the fact that he may never have seen fit to take advantage of that capacity. The theory is that the injury done him has deprived him of a capacity he would have been entitled to enjoy even though he never profited from it monetarily.[15]

The economist assumed, based on Perry's wages in the 11 months prior to the accident, that Perry had an annual earning capacity of $17,892. He testified that if Perry's earning capacity were limited to $6.50 per hour as a result of the accident, the present value of the earning capacity lost for the remainder of Perry's working years would be between $76,000 and $109,000. We conclude that the record contains evidence sufficient for the jury to conclude that Perry's future earning capacity was $6.50 per hour. Thus, the award of $100,000 is within a range supported by the evidence.

---

[14]**Burnaman v. Risk Management, Inc.**, 698 So.2d 17 (La. App. 1997).

[15]**Folse v. Fakouri**, 371 So.2d 1120 (La. 1979).

## 4. Voir Dire

Finally, Wal-Mart contends that the district court erred by not asking prospective jurors during voir dire whether they personally had been involved in any litigation. Wal-Mart claims that when its request that the court question the jurors on this issue was denied, it was deprived of all meaningful opportunity to exercise its peremptory strikes. Wal-Mart does not challenge the court's questioning except for the failure to ask that particular question. The trial court has broad discretion over the scope of voir dire. Under **Fed. R. Civ. P.** 47, a court conducting voir dire must permit the parties to supplement the examination only "as it deems proper." In addition, "the failure to permit certain questions is not grounds for reversal absent a showing of error and prejudice."[16] Although information regarding juror involvement in litigation is important[17] and the failure to make a proper inquiry on that score might constitute error under some circumstances, Wal-Mart has not made the required showing of prejudice in this case. It did not seek leave of court to poll or interview jurors at the conclusion of the trial,[18] nor did it attempt to conduct an independent investigation of the jurors' litigation history. Without such evidence, the requested relief is not warranted.[19]

---

[16]**Sandidge v. Salen Offshore Drilling Co.**, 764 F.2d 252 (5th Cir. 1985).

[17]**Maldonado v. Mo. Pac. Ry. Co.**, 798 F.2d 764 (5th Cir. 1986), *cert. denied*, 480 U.S. 932 (1987).

[18]Local Rule 47.5E requires leave of court with good cause shown before an attorney or party may interview a juror.

[19]**Vezina v. Theriot Marine Serv., Inc.**, 610 F.2d 251 (5th Cir. 1980).

AFFIRMED.