[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14425
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00013-CR-J-25-JKR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY ROOSEVELT KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 20, 2010)

Before BLACK, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Roosevelt King appeals his conviction for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Prior to King's trial, he submitted proposed *voir dire* questions, including:

> 20. Would anyone be disappointed if Mr. King chose not to take the stand and testify?
>
> 21. Does everyone agree that Mr. King is under no obligation to testify?

The district court, over King's objection, refused to pose these questions to the venire during jury selection. King asserts the district court abused its discretion by failing to adequately *voir dire* the venire, resulting in a Sixth Amendment violation. King contends his proposed Questions 20 and 21 were necessary to reveal juror bias, and the district court's failure to ask them deprived him of information upon which to base his strikes, notwithstanding its other questions and instructions.[1]

Among the purposes of *voir dire* are to: (1) determine if prospective jurors are "willing and able to properly apply the law," and (2) reveal potential juror bias or prejudice. *United States v. Vera*, 701 F.2d 1349, 1356 (11th Cir. 1983). With respect to the first purpose, a district court "does not abuse its discretion in

---

[1]We review a district court's conduct of *voir dire* for abuse of discretion. *United States v. Vera*, 701 F.2d 1349, 1355 (11th Cir. 1983). The district court's discretion includes whether or not to submit a party's proposed questions to the venire. *United States v. Tegzes*, 715 F.2d 505, 507 (11th Cir. 1983).

precluding voir dire examination of the prospective jurors' understanding of the law," provided that the court's other *voir dire* questions and later instructions adequately explain the law. *Id.*

With respect to the second purpose, because a "juror is poorly placed to make a determination as to his own impartiality," it is up to the trial court to make that determination. *United States v. Hawkins*, 658 F.2d 279, 285 (5th Cir. 1981).[2] As such, the *voir dire* must be thorough, competent, and complete in order to reveal past histories and personal prejudices. *Vezina v. Theriot Marine Servs., Inc.*, 610 F.2d 251 (5th Cir. 1980). A district court does not abuse its discretion unless it fails to reasonably assure prejudice would be discovered if present. *Tegzes*, 715 F.2d at 507. Moreover, a curative instruction ordinarily alleviates any potential prejudice, and a jury is presumed to follow the district court's instructions. *United States v. Mock*, 523 F.3d 1299, 1303 (11th Cir. 2008).

Although the district court did not submit King's proposed questions regarding his right not to testify to the venire, the record convinces us the court's *voir dire* adequately presented King with the necessary indicia of bias upon which to base his strikes. Furthermore, any flaw in failing to inform the venire about

[2]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

3

King's right not to testify during *voir dire* was cured by the court's instructions to the jury, which we presume were followed, to draw no inferences from King's choice not to testify. The district court did not abuse its discretion during *voir dire* by refusing to ask prospective jurors questions proposed by King. Accordingly, we affirm.

**AFFIRMED.**