C. C. ROGERS, Plaintiff,

v.

DE VRIES & COMPANY, Defendant,

v.

YOUNG & COMPANY OF HOUSTON, Third-Party Defendant.

Civ. A. No. 13387.

United States District Court
S. D. Texas,
Houston Division.

Dec. 8, 1964.

W. Jiles Roberts, Houston, Tex., for plaintiff.

Royston, Rayzor & Cook, Carl O. Bue, Jr., and Gus A. Schill, Jr., Houston, Tex., for defendant.

Fulbright, Crooker, Freeman, Bates & Jaworski, S. G. Kolius, Houston, Tex., for third-party defendant.

GARZA, District Judge.

This case is before the Court on Plaintiff's motion for new trial filed after an adverse jury verdict and final judgment based thereon that Plaintiff take nothing in his action for damages. The Plaintiff, a longshoreman, brought this action against the shipowner, claiming personal injuries as a result of grain dust in the air while working aboard Defendant's ship. Defendant, in turn, sued the stevedoring company which employed the Plaintiff. The case was tried to a jury, beginning on September 28, 1964, and on October 1st the jury, in answer to special interrogatories, found that the Plaintiff suffered an injury, or an aggravation to a prior condition, to his eyes, but that the Defendant shipowner was not negligent.

In his motion for new trial, Plaintiff urges four points on the Court, only one of which need be dealt with here. The refusal to submit the issue of seaworthiness was determined before the trial and

the results therefor given in a memorandum opinion dated October 19, 1962. The two points regarding certain claimed omissions in the Court's instructions to the jury which were requested by Plaintiff were argued and ruled on during the trial.

The only complaints which the Court has yet to determine are its refusal to allow Plaintiff an equal number of peremptory challenges to the jury panel as were allowed to both the Defendant and Third-Party Defendant, and the alleged impropriety of the manner in which the jury was selected.

In compliance with 28 U.S.C.A. § 1870, the Court allowed each party three peremptory challenges, but instructed the Defendant and Third-Party Defendant to exercise their strikes separately. Plaintiff requested six peremptory challenges so that the jury would be equally weighted between "Plaintiffs oriented" and "Defendants oriented" jurors. The above statute makes no provision for such procedure, and Plaintiff's request was refused by the Court.

The case proceeded to trial and verdict for the Defendant. The issue between the Defendant shipowner and Third-Party Defendant stevedoring company as to negligence of the latter was then submitted to the jury to determine if the Defendant shipowner should recover its attorney's fees from the Third-Party Defendant. The jury, on special interrogatories, found this issue in favor of the Third-Party Defendant.

On October 5th, the attorney for the Plaintiff informed the Court that he had discovered some form of collusion between the attorneys for the Defendant and Third-Party Defendant in the selection of the jury. The attorneys for the Defendant and Third-Party Defendant frankly disclosed to the Court that they had met in the hall outside the courtroom before the trial had begun and before any instructions were given by the Court as to jury selection, and had an informal oral agreement that one attorney would look first to the members of the panel occupying odd-numbered seats, and the other would look first at those occupying even-numbered seats, in making their strikes. It is obvious that such an agreement would only be effective if the parties were not allowed to collaborate in making peremptory challenges; and, further, that this agreement made ineffective the instruction by the Court that the attorneys not work together in making their strikes.

The Court is confident that after the trial started the attorneys in no way collaborated or discussed the matter of jury selection with each other. In fact, the attorney for the Third-Party Defendant remained in the courtroom to make his strikes, while the attorney for the Defendant retired to a jury room for this purpose. It is apparent that although the agreement between the attorneys was in no way binding on either, they did strike six prospective jurors and two prospective alternates between them without making any identical strikes on the same person.

28 U.S.C.A. § 1870 states, in part:

"In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly."

Under the above statute it was within the discretion of the Court to allow three peremptory challenges to the Plaintiff and either allow a total of three to both defendants, or three to each defendant to be exercised separately or jointly. The Court sees no merit to the Plaintiff's contention that it should have been allowed six challenges. Matanuska Valley Lines v. Neal, 9 Cir., 1957, 17 Alaska 425, 255 F.2d 632. It must consider whether the indirect noncompliance with the instructions that the Defendant and Third-Party Defendant make their strikes separately, constitutes injustice or harmful error to the Plaintiff.

Under Rule 61, Federal Rules of Civil Procedure, the Court is directed to disregard any error or defect in the proceeding not affecting the substantial rights of the parties. The primary question, therefore, is whether or not the Plaintiff received a fair trial by an impartial jury. Barron & Holtzoff, Federal Practice and Procedure, Vol. 3, sec. 1304.

The parties have not found, nor has the Court, a case involving this precise issue, but the wealth of material and decisions regarding selection and impaneling of juries make it plain that this point should be determined on the basis of the general rules and a sense of fairness to the parties.

Numerous cases from various states have been collected to support the general proposition that irregularities in the drawing, summoning, returning, selection, swearing, and impaneling of the jury panel are not ordinarily grounds for a new trial, and on appeal the burden is on appellant to show that errors in connection with the jury were prejudicial. 66 C.J.S. New Trial §§ 21 and 22, and 5A C.J.S. Appeal and Error §§ 1601 and 1677a(2), pp. 85 and 700.

■ The Court believes that Judge Goodman's observation that "The only objective of jury interrogation is to obtain an impartial jury," is equally applicable to the matter of peremptory challenges. "No litigant is entitled to select a jury to his liking. He is only entitled to an impartial jury." Goodman, The New Spirit in Federal Court Procedure, 1947, 7 F.R.D. 449, at p. 451.

> "The parties have no right to a trial by any particular juror or jurors until such juror or jurors have been accepted and sworn, even though those whom they prefer may be competent, the right being one to reject and not to select." 50 C.J. S. Juries § 195.

■ The Court is of the opinion that it would not have been an abuse of discretion to allow the Defendant and Third-Party Defendant to exercise their peremptory challenges jointly. Although it cannot condone the indirect manner by which the attorneys did practically the same thing, it cannot see that any substantial prejudice resulted in harm to the Plaintiff.

The Plaintiff has not specified any particular juror who was in any way incompetent, biased or otherwise objectionable. There is no foundation for the allegation that had Plaintiff been allowed three additional challenges, or had the other two parties exercised their challenges separately, the verdict would have been any different. The Court feels that the verdict was correct and there is no showing that it was in any way affected by the manner in which the peremptory challenges were exercised.

It is, therefore, ordered, adjudged and decreed that Plaintiff's motion for new trial be, and the same is hereby, denied.

Clerk will notify counsel.