Lester NEHRING, Appellant,

v.

EMPRESA LINEAS MARITIMAS
ARGENTINAS et al., Appellees.

No. 25197.

United States Court of Appeals
Fifth Circuit.

Oct. 7, 1968.

Rehearing Denied Dec. 5, 1968.

W. Jiles Roberts, Houston, Tex., for appellant.

Carl O. Bue, Jr., for appellee, Empresa Lineas Maritimas Argentinas; Royston, Rayzor & Cook, Houston, Tex., of counsel.

Theodore Goller, Eikel & Goller, Houston, Tex., for appellee Strachan Shipping Co.

Before BELL and SIMPSON, Circuit Judges and ROBERTS, District Judge.

PER CURIAM:

Appellant Nehring allegedly sustained injuries on January 9, 1964, while working as a longshoreman on the S/S RIO BERMEJO, owned and operated by Appellee Empresa Lineas Maritimas Argentinas. At the time of the alleged accident, appellant was an employee of Strachan Shipping Company, an independent contracting stevedoring company. Appellant brought suit against the shipowner for negligence and vessel unseaworthiness. The shipowner subsequently impleaded the stevedore employer on the theory that, if the ship was to be cast in liability which it denied, such resulting liability stemmed from the stevedore's breach of its warranty of workmanlike service owed to the vessel in the performance of its operations.

Prior to the commencement of the jury trial, appellant moved the trial court to equalize the peremptory challenges, i. e. to give the appellant the same total number of peremptory challenges that appellees were given. If not given equal challenges, appellant alternatively asked that the shipowner's third party action against the stevedore be severed. Appellant's motion was denied; appellant was given three peremptory challenges; and appellees were each allowed

three challenges to be exercised without conferring and with no collusion between them. The appellant claims this was an abuse of the discretion given the trial court in 28 U.S.C. § 1870 (1964). There is no merit to this contention.

Following the presentation of the evidence and arguments, the court submitted the case to the jury upon special interrogatories. The first interrogatory read: "Did the plaintiff, Lester Nehring, sustain an injury while working aboard the RIO BERMEJO on or about January 9, 1964?" The jury answered "no" and obviously did not have to go further. Appellant's second contention on appeal is that the trial court erred in not defining, as requested, "injury" as an aggravation of a pre-existing condition, for it was this type of injury about which appellant offered proof. The argument is that the jury decided there was "no injury" without understanding what "injury" meant.

This confuses the purpose of interrogatory number one, as a close reading of the record will reflect. The theory of the defense was that there was never any accident or event or occurrence as and when alleged by appellant: the shipowner's trial counsel said in his opening argument "We deny that this man sustained an accident on this ship." (R. 18). During the trial of the case, it was to prove or disprove the alleged accident that most of the evidence was offered; and this question was reemphasized during closing arguments of counsel, particularly by appellees. (R. 519). Thus, the crucial issue joined and argued in the trial below was whether or not there was an incident as alleged by appellant.

■ It was to present this issue to the jury that the trial judge submitted interrogatory number one. (R. 448); and to understand and answer it the jury needed no definition of injury. Extent or type of injury was not the inquiry. There being no need to define injury, this count finds that the jury was fairly instructed.

Affirmed.