469 F.2d 280
 Willie MOORE, Plaintiff-Appellee-Cross-Appellee,
v.
SOUTH AFRICAN MARINE CORPORATION, LTD., and the M/V S.A.
NEDERBURG et al., Defendants.
SOUTH AFRICAN MARINE CORPORATION, LTD.,
Defendant-Third-Party Plaintiff-Appellee-Cross-Appellant,
v.
GULF STEVEDORE CORPORATION, Third-Party Defendant-Appellant.
 No. 71-3317.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 8, 1972.
 
 W. Boyd Reeves, Geoffrey V. Parker, Mobile, Ala.,
 Oliver J. Latour, Jr., Mobile, Ala., for South African Marine Corp.
 Ross Diamond, III, Mobile, Ala., for Moore.
 Before JOHN R. BROWN, Chief Judge, and GODBOLD and SIMPSON, Circuit Judges.
 GODBOLD, Circuit Judge:
 
 
 1
 This is a longshoreman-vessel ownerstevedore case in which there was a jury verdict in favor of the longshoreman and of the vessel on its third party complaint for indemnity against the stevedore. Plaintiff's damages were reduced by a finding that he was 10% contributorily negligent. The owner, South African, and the stevedore, Gulf, relied on the defense of operational negligence, claiming that plaintiff and one or more of his immediate workers were (operationally) negligent.
 
 
 2
 In his oral charge to the jury the court stated:
 
 
 3
 Now, they are talking about seaworthiness and talking about negligence. I am going to state this to you that if there was any negligence, it would automatically make the ship unseaworthy, in my opinion.
 
 
 4
 The court went on to define unseaworthiness but made no mention of whose negligence he had referred to and made no distinction between operational negligence and unseaworthiness. Defendant and third party defendant objected. Requested written charges on operational negligence were refused. The end result was that the jury was told that if they found any negligence, irrespective of whose negligence it might be, even that of plaintiff himself, the vessel would be unseaworthy. This was error, Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971). Plaintiff acknowledges the error but asks us to hold that the oral charge as a whole was not so erroneous as to require reversal. We have read the charge but cannot say that the jury was not misled.
 
 
 5
 There was no error in the court's requiring South African and Gulf, over Gulf's objection, to share the same number of peremptory challenges allowed to the plaintiff. The power of the court under 28 U.S.C. Sec. 1870 to consider several defendants as one party for the purpose of making challengs is discretionary, Nehring v. Empresa Lineas Maritimas Argentinas, 401 F.2d 767 (5th Cir. 1968); Rogers v. De Vries & Co., 236 F.Supp. 110 (S.D.Tex.1964), and the discretion was not abused.
 
 
 6
 South African would have us affirm the verdict granting it indemnity against Gulf even though we reverse the verdict for plaintiff. South African's theory is that the jury finding of unseaworthiness was necessarily (but erroneously) based on operational negligence by plaintiff and/or one or more coworkers, and, even, if the verdict for the plaintiff must be reversed, the operational negligence of Gulf's employees was a breach of its WWLP, fastening Gulf with liability for attorney fees and expenses. Considering the interplay of the various contentions and evidence,[1] this is too tenuous. Along with liability, indemnity should be submitted to a new trier of the facts.
 
 
 7
 Reversed and remanded.
 
 
 
 [1]
 Including method of stow, peculiarities of packaging of the cargo (bales of rayon pulp) required by the manufacturer or shipper, method of removal from stow, necessity of manhandling the cargo, evidence that the method of discharge was customary and evidence that it was an unsafe method