**Glen GAFFORD, Plaintiff-Appellant,**

v.

**STAR FISH & OYSTER COMPANY, Defendant-Appellee.**

**No. 72–3638**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 22, 1973.

R. C. Edwins, Baton Rouge, La., for plaintiff-appellant.

Robert H. Smith, Mobile, Ala., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Plaintiff challenges the manner in which trial court required him to exercise his peremptory challenges in this civil suit. The crux of his argument is that he was forced to exercise his challenges first, and that the Defendant was allowed to exercise his challenges thereafter with full knowledge of the Plaintiff's choices.

 The manner in which peremptory challenges are to be exercised is committed to the sound discretion of the trial Judge. 28 U.S.C.A. § 1870. See Nehring v. Empresa Lineas Maritimas Argentinas, 5 Cir., 1968, 401 F. 2d 767; Carey v. Lykes Brothers Steamship Company, Inc., 5 Cir., 1972, 455 F.2d 1192; Moore v. South African

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Marine Corporation, Ltd., 5 Cir., 1972, 469 F.2d 280. *Cf.* United States v. Franklin, 5 Cir., [1973], 471 F.2d 1299; United States v. Williams, 5 Cir., 1971, 447 F.2d 894, 896–897; United States v. Sams, 5 Cir., 1972, 470 F.2d 751 [1972]. Upon an examination of the record in this case we find that it does not support a conclusion that the trial court's practice was an abuse of that discretion or resulted in any harm. We would think it better practice to require a simultaneous or alternating exercise of peremptory challenges, but we cannot say that the practice here resulted in any substantial prejudice. Of course United States v. Sams reflects that there are situations in which the procedure is wrong and merits reversal. This is not one of those situations.

Affirmed.