577 F.2d 856
 John FEDORCHICK, Appellee,
v.
MASSEY-FERGUSON, INC., Appellant,
v.
RAY HARTMAN & SONS, Raymond Hartman, Rudolph Davidge
Associates, Estate of Rudolph Davidge, Rudolph
Davidge, Jr., Tocks Construction Company
and Mrs. Rudolph Davidge.
 No. 77-2153.
 United States Court of Appeals,
Third Circuit.
 June 14, 1978.
 
 Harry A. Short, Jr., Liebert, Short, FitzPatrick & Lavin, Philadelphia, Pa., for appellant.
 Arthur L. Pressman, Abraham, Pressman & Tietz, Philadelphia, Pa., for appellee John Fedorchick.
 Charles Jay Bogdanoff, Gekoski & Bogdanoff, P.C., Philadelphia, Pa., for appellee Ray Hartman & Sons et al.
 Joseph T. Bodell, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellee Rudolph Davidge et al.
 Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS, GARTH and HIGGINBOTHAM, Circuit Judges.
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 In its petition for rehearing before this court in banc,[1] Massey-Ferguson has, inter alia, reiterated the contention made before the panel that the trial court erred in its allocation of peremptory strikes between the parties. Massey-Ferguson points to this court's decision in Blount v. Plovidba, 567 F.2d 583 (3d Cir. 1977), in which the panel held (Hunter, J., dissenting) that 28 U.S.C. § 1870, the statute providing for jury challenges, does not permit a trial judge to grant more than three peremptory challenges to each party in a single plaintiff-single defendant civil case. Asserting that Blount is applicable here and referring to the dissenting opinion in that case, Massey-Ferguson's attorney stated in his petition for rehearing that "it is reasonable to assume that Judge Hunter followed his views on the question of peremptory challenges." There is no warrant for such an assumption. Neither the facts nor law support such a statement.
 
 
 2
 This case, unlike Blount, involves multiple parties. Petitioner clearly misapprehends the different rules regarding single-party and multiple-party litigation. The number of peremptory challenges allowed in multi-party civil litigation is governed by the second sentence of section 1870, which states:
 
 
 3
 Several defendants or several plaintiffs may be considered as a single party for the purpose of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.
 
 
 4
 Blount did not purport to address this part of section 1870. In this case, the trial judge allocated six peremptory challenges to the plaintiff and six to Massey-Ferguson and the two third-party defendants, thus allowing the parties defendant two each.
 
 
 5
 On its face, the statute permits the trial judge to allocate more than three peremptory challenges when more than one plaintiff or defendant is present in a case. See Smith v. Pressed Steel Tank Co., 66 F.R.D. 429 (E.D.Pa.) aff'd, 524 F.2d 1404 (3d Cir. 1975). When a single party faces several parties with interests adverse to him, the trial judge may expand the number of peremptory challenges available to both sides. See Carey v. Lykes Brothers Steamship Co., 455 F.2d 1192 (5th Cir. 1972). Further, the trial judge may require a defendant-third-party plaintiff and third-party defendants to share the same number of peremptory challenges as allocated to a single plaintiff. Moore v. South African Marine Corp., Ltd., 469 F.2d 280 (5th Cir. 1972); Carey v. Lykes Brothers Steamship Co., supra.
 
 
 6
 In reviewing the trial judge's allocation of peremptory challenges in a multi-party civil case, our standard of review is whether the trial judge abused his discretion. No abuse was shown in this case.
 
 
 7
 The petition for rehearing will be denied.
 
 
 
 [1]
 The case was affirmed by the panel in a judgment order of May 9, 1978, 577 F.2d 725