OPINION
PER CURIAM.
This appeal raises the question whether the Civil Rights Attorney’s Fees Awards Act of 1976, Pub.L. No. 94-559, 90 Stat. 2641, permits an award of fees against the United States in a suit under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d et seq. Since we agree with the district court that the Attorney’s Fees Act does not operate as a waiver of sovereign immunity in this context, we affirm.
Plaintiffs filed suit in 1969 challenging approval by the Department of Housing and Urban Development of a rent supplement program known as Fairmount Manor in the East Poplar neighborhood of Philadelphia. The district court originally dismissed the complaint, 305 F.Supp. 205 (E.D. Pa.1969), but was reversed by this court, 436 F.2d 809 (3d Cir. 1970). We held that the Department had violated certain civil rights laws including Title VI, and remanded for further proceedings. During the pendency of the remand, the parties agreed upon a settlement, and the district court entered judgment for plaintiffs in May, 1975. Plaintiffs then moved for an award of attorneys fees, which the district court denied. 409 F.Supp. 1189 (E.D.Pa.1976).
Plaintiffs renewed their request for counsel fees, based on the newly enacted Civil Rights Attorney’s Fees Awards Act, in their appeal of the Clerk’s taxation of costs. The district court agreed to reopen the matter, but held that the award of fees, despite the new Act, was still barred by the doctrine of sovereign immunity. The court reasoned that 28 U.S.C. § 2412[1] was an express assertion of sovereign immunity prohibiting the award of counsel fees against the United States absent statutory authority. Noting that a waiver of sovereign immunity must be strictly construed, the court ruled that the new Act did not authorize an award of attorneys fees against the United States in a suit under Title VI. The court contrasted the explicit waivers of immunity found in Titles II, III, and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a-3(b), 2000b-l, 2000e-5(k).
We agree with the analysis of the district court. Under 28 U.S.C. § 2412, *856 attorneys fees may not be awarded against the United States absent clear statutory authority. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 265-68, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); Fitzgerald v. United States Civil Service Commission, 180 U.S.App.D.C. 327, 554 F.2d 1186, 1189 (1977); cf. Richerson v. Jones, 551 F.2d 918, 925 (3d Cir. 1977) (denying award of interest on claim against United States). The Civil Rights Attorney’s Fees Awards Act amends 42 U.S.C. § 1988 to provide:
In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 U.S.C. §§ 1981,1982,1983,1985,1986], title IX of Public Law 92-318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.
With the exception of certain suits under the Internal Revenue code, see Aparacor, Inc. v. United States, 571 F.2d 552 (Ct.Cl. 1978), the Act does not explicitly waive the sovereign immunity of the United States. It contains none of the language usually used to indicate a waiver of immunity. See, e. g., 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act) (“The court may assess against the United States reasonable attorney fees . . . .”); 42 U.S.C. § 2000a-3(b) (Title II of the Civil Rights Act of 1964) (“. . . the United States shall be liable for costs the same as a private person.”); 15 U.S.C. §§ 2059(e)(4), 2060(c) (Consumer Product Safety Act); 42 U.S.C. § 2000b-l (Title III of Civil Rights Act of 1964); id. § 2000e-5(k) (Title VII of Civil Rights Act of 1964). Further, our reading of the legislative history of the Act convinces us that Congress did not contemplate a waiver of sovereign immunity in passing the Act, with the exception of the clause dealing with Internal Revenue suits.[2] See Southeast Legal Defense Group v. Adams, 436 F.Supp. 891, 893 (D.Or.1977). Accordingly, we hold that the Attorney’s Fees Act does not permit an award of counsel fees against the United States in a suit brought under Title VI.
The order of the district court denying counsel fees will be affirmed.

. 28 U.S.C. § 2412 provides:
Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action. . . .

. The Allen Amendment, dealing with tax suits, was added late in the consideration of the bill from the floor of the Senate. See 122 Cong. Rec. SI7049-51 (daily ed. Sept. 29, 1976). Congressman Drinan, a House sponsor of the bill, noted that the Allen Amendment was the only provision in the bill which would involve expenditures by the United States. 122 Cong. Rec. H12159-60 (daily ed. Oct. 1, 1976).
The legislative history also clarifies an ambiguity in the statute caused by the Allen Amendment. The phrase “by or on behalf of the United States of America” was meant to modify only the phrase “to enforce, or charging a violation of, a provision of the United States Internal Revenue Code,” and not the phrase “or Title VI of the Civil Rights Act of 1964.” See 122 Cong.Rec. SI7049-53 (daily ed. Sept. 29, 1976); id. H12151-52, 12161 (daily ed. Oct. 1, 1976).