NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1454
_____

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
a/s/o UNIONVILLE-CHADDS FORD SCHOOL DISTRICT,
Appellant

v.

ELECTROLUX HOME PRODUCTS, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cv-04113)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 8, 2013

Before:  RENDELL, FISHER and JORDAN, *Circuit Judges*.

(Filed: April 2, 2013 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant, Indemnity Insurance Company of North America ("Indemnity"), as

subrogee of the Unionville-Chadds Ford School District ("School District"), brought suit

against Electrolux Home Products, Inc. ("Electrolux") alleging strict liability and breach

of warranty. After a trial and a jury verdict in favor of Electrolux, the District Court entered a judgment in favor of Electrolux, from which Indemnity now appeals. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

This matter stems from a fire that occurred at the Unionville-Chadds Ford High School on July 23, 2009. As a result of the fire, the School District submitted a claim to its insurance provider, Indemnity. Indemnity paid the claim and filed suit against Electrolux to recover the money paid to the School District. The suit alleged causes of action sounding in strict liability and breach of warranty. Indemnity specifically alleged that the fire was caused by a malfunction within the internal wiring of a Frigidaire refrigerator that was manufactured by Electrolux.

Before trial, Electrolux filed a Motion for Summary Judgment, alleging, *inter alia*, that Indemnity spoliated evidence by failing to preserve a metal can and its contents, which were next to the refrigerator at the scene of the fire. Electrolux asserted that the fire was caused by a spontaneous combustion in the metal can. The District Court denied Electrolux's Motion for Summary Judgment but granted Electrolux's request that the jury be instructed that they could draw an adverse inference based on Indemnity's failure to

2

preserve the evidence. The District Court found that because Indemnity's experts had the

authority to remove items from the scene when they conducted an investigation on

July 29, 2009 (before Electrolux had been informed of the fire), and did in fact preserve

some items, Indemnity bears responsibility for not preserving the metal can and its

contents – evidence that the experts should have known would be discoverable and would

likely be destroyed if not preserved at that time. A-63-69. The District Court also stated

that although it was granting Electrolux's request for an adverse inference instruction,

Indemnity would have an opportunity at trial to rebut Electrolux's claims regarding the

importance of the metal can and the possibility of spontaneous combustion. A-69.

Electrolux also filed a Motion in Limine to preclude evidence regarding the

location of the refrigerator's manufacture in China. Electrolux claimed that the location

of the refrigerator's manufacture was irrelevant and unfairly prejudicial under Rules 401

and 403, respectively, of the Federal Rules of Evidence ("FRE"). The District Court

granted Electrolux's motion, holding that "[t]he relevance of the place of manufacture of

the subject product in this case is tenuous at best." A-89. Also, in regard to unfair

prejudice, the District Court stated:

> "We are satisfied that the prejudicial effect of this evidence substantially
> outweighs any probative value that it may have. In recent years,
> considerable public attention has focused on products manufactured in
> China, feeding the perception that Chinese-made goods are not safe. For
> example, a November 2007 poll found that 65% of registered voters
> believed that products imported from China were not safe, with another 8%
> unsure. (FOX News/Opinion Dynamics Poll, Nov. 13-14, 2007, *available
> at*

3

http://www.foxnews.com/projects/pdf/112007_thanksgiving,_china_toys_ web.pdf.)"

A-89.

Immediately prior to jury selection, the Courtroom Deputy explained to counsel that each side had three peremptory challenges and that the challenges were to be exercised "back and forth." A-93. Indemnity was given the first peremptory challenge. After each side exercised one peremptory challenge, Indemnity passed on its next two opportunities. A-94. When Electrolux exercised its third and final challenge, Indemnity attempted to exercise an additional challenge, but was initially prevented from doing so. A-94-96. The District Court explained that "[i]f you don't make a strike, then you give up your right to make that strike." A-95. Despite this statement, the District Court allowed Indemnity to exercise a second peremptory challenge, but not a third. A-96.

Prior to the parties' opening statements, Indemnity moved to sequester witnesses. The District Court, with regard to Electrolux's expert, declined to do so, stating, "I think an expert should be permitted to hear testimony. He has got to come in here and offer his opinion and he can listen to the testimony before he does that." A-103.

After closing arguments, the District Court instructed the jury as follows:

"I'm talking now, ladies and gentlemen, about the metal can that you heard about and its contents. Ladies and gentlemen, if you find that the plaintiff could have produced the evidence and that the evidence was within his or her control and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but you are not required to, infer that the evidence would have been unfavorable to the plaintiff."

4

A-169.  In addition, following a brief sidebar and immediately before jury deliberation, the District Court stated that "with regard to the charge that I gave you at the end of the instructions with regard to the adverse inference from the failure to have the can available, you should understand that a party that anticipates litigation has an affirmative duty to preserve relevant evidence."  A-177.

After the jury returned a unanimous verdict in favor of Electrolux, the District Court entered a judgment in favor of Electrolux.  Indemnity now appeals from that judgment.

II.

The District Court had diversity jurisdiction over this action under 28 U.S.C. § 1332.  We have appellate jurisdiction under 28 U.S.C. § 1291.

We review for an abuse of discretion the District Court's rulings that are relevant to this appeal.  *See Kirk v. Raymark Indus.*, 61 F.3d 147, 153 (3d Cir. 1995) and *Fedorchick v. Massey-Ferguson, Inc.*, 577 F.2d 856, 858 (3d Cir. 1978) (peremptory challenges); *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73-77 (3d Cir. 2012) (spoliation of evidence); *United States v. Zehrbach*, 47 F.3d 1252, 1264 (3d Cir. 1995) (articulation of jury instructions); *United States v. Vosburgh*, 602 F.3d 512, 538 (3d Cir. 2010) (exclusion of evidence under FRE 403); *United States v. Agnes*, 753 F.2d 293, 306 (3d Cir. 1985) (sequestration of witnesses under FRE 615), *abrogated on other grounds by Smith v. Borough of Wilkinsburg*, 147 F.3d 272 (3d Cir. 1998).

5

III.

A.

The District Court did not abuse its discretion in prohibiting counsel for Indemnity from exercising a third peremptory challenge. According to Rule 47 of the Federal Rules of Civil Procedure, a "court must allow the number of peremptory challenges provided by 28 U.S.C. § 1870." Section 1870, in turn, provides that "[i]n civil cases, each party shall be entitled to three peremptory challenges." Apart from this requirement, a district court is given considerable discretion in regard to the procedure and order of exercising peremptory challenges. *See Fedorchick*, 577 F.2d at 858.

Here, the Courtroom Deputy informed each party that peremptory challenges would be exercised "back and forth," A-93, and the District Court gave each party the opportunity to exercise three peremptory challenges. Counsel for Indemnity, in what seems to have been an attempt at gamesmanship (to use two peremptory challenges after counsel for Electrolux exhausted her challenges), chose to accept the jury as constituted during his second and third opportunities to exercise peremptory challenges. A-94. The District Court did not abuse its discretion in determining that Indemnity's attempted use of the final two challenges was improper and unfairly prejudicial to Electrolux.

B.

The District Court did not abuse its discretion in determining that spoliation occurred or in deciding that the jury could draw an adverse inference as a result of the

6

spoliation. Spoliation occurs where "the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull*, 665 F.3d at 73. Here, as recognized by the District Court, Indemnity's experts had an opportunity (before Electrolux knew about the fire) to preserve the metal can and its contents. A-64. Also, despite the fact that the experts should have known that the metal can and its contents would be discoverable and likely destroyed if not preserved at that time, they decided not to preserve the metal can. *Id.* Electrolux was thus unable to expound upon its theory of the case. Therefore, the District Court did not abuse its discretion in determining that spoliation occurred.

The District Court also did not abuse its discretion in determining that an adverse inference instruction was warranted due to the spoliation. "The unexplained failure or refusal of a party to judicial proceedings to produce evidence that would tend to throw light on the issues authorizes, under certain circumstances, an inference or presumption unfavorable to such party." *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983). Such an inference or presumption permits the trier of fact to conclude that the unpreserved evidence "would have been unfavorable to the position of the offending party." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994). Thus, when the District Court instructed the jury that it was permitted (but not required) to

7

"infer that the evidence would have been unfavorable to the plaintiff," A-169, the District Court did not abuse its discretion.[1]

## C.

The District Court did not abuse its discretion in precluding evidence regarding the refrigerator's place of manufacture in China. FRE 401 provides that evidence is relevant (and thus eligible to be admitted) if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FRE 403, in turn, provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."

We agree with the District Court that the relevance of the place of manufacture, in this case, is tenuous at best, and that to the extent the place of manufacture may be somewhat relevant, it was within the District Court's discretion, in this instance, to hold that the probative value of the place of manufacture in China was substantially outweighed by a danger of unfair prejudice.

---

[1] Indemnity also argues that the District Court misled the jury by initially stating that the jury was not required to make an adverse inference, but later stating that "with regard to the charge that I gave you at the end of the instructions with regard to the adverse inference from the failure to have the can available, you should understand that a party that anticipates litigation has an affirmative duty to preserve relevant evidence." A-177. This argument is without merit.

8

## D.

Finally, the District Court acted within its discretion in refusing to sequester the expert witness in this case. FRE 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony . . . . But this rule does not authorize excluding . . . a person whose presence a party shows to be essential to presenting the party's claim or defense." The "essential" exception applies most often in cases involving expert witnesses. There is little, if any, reason for sequestering a witness who is to testify as an expert and not to the facts of the case. *Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 629 (6th Cir. 1978). Where a party seeks to except an expert from sequestration so that the expert can hear firsthand the testimony of witnesses, the decision whether to permit the expert to remain is within the discretion of the trial judge and should not normally be disturbed on appeal. *Id.* at 630.

Here, the District Court declined to sequester the expert witness, stating, "I think an expert should be permitted to hear testimony. He has got to come in here and offer his opinion and he can listen to the testimony before he does that." A-103. We will not disturb the District Court's ruling on appeal.

## IV.

For the above stated reasons, we will affirm the District Court's judgment in favor of Electrolux.

9