[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13704
_____

D.C. Docket No. 3:09-cv-11895-RBD-JBT


ANITA YOUNG MCCRAY,
as personal representative of the Estate of Mercedia Walker Wilbert,

Plaintiff - Appellant

versus

R.J. REYNOLDS TOBACCO COMPANY,
individually and as successor by merger to the Brown and Williamson
Tobacco Corporation and the American Tobacco Company,
PHILIP MORRIS USA, INC.,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 16, 2014)

Before TJOFLAT, COX, and ALARCÓN,[*] Circuit Judges.

PER CURIAM:

## I. Facts & Procedural History

This appeal is from one of the numerous tobacco-related cases currently working their way through federal and state courts in Florida. It was initially filed in state court, but removed to federal court based upon diversity jurisdiction. Mercedia Walker Wilbert began smoking as a teenager in the 1950s. Despite her repeated attempts to quit, she continued smoking for the rest of her life. She eventually contracted lung cancer and died in 1994 at age fifty-nine because of that cancer. Her daughter, Anita Young McCray, as personal representative of her mother's estate, subsequently filed an "*Engle* progeny" wrongful death suit in 2008 against several tobacco companies.[1] McCray alleged that her mother was a member of the *Engle* class because she was addicted to cigarettes containing nicotine which caused her death from lung cancer. Following a seven-day trial, a jury found that the death of McCray's mother was not legally caused by an addiction to cigarettes containing nicotine. (Doc. 189). And the district court

---

[*] The Honorable Arthur L. Alarcón, United States Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[1] For a discussion of what is an "*Engle* progeny" case, see *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1256, 1268, 1277 (Fla. 2006), and our decision in *Walker v. R.J. Reynolds Tobacco Co.*, 734 F.3d 1278, 1283 (11th Cir. 2013).

2

entered judgment consistent with jury's verdict.   (Doc. 190).   Consequently, McCray's mother did not qualify as a member of the *Engle* class.

## II. Issues on Appeal

All of the issues McCray now raises on appeal, except one, relate to the selection of the jury.   On appeal, McCray contends that the district court committed reversible error "when it denied [McCray] a meaningful voir dire of a venire panel that had voiced overwhelming bias, by not entertaining several . . . challenges [for cause] and by denying the right to exercise peremptory strikes on three of the six jurors who decided this case."  (Appellant's Initial Br. at 1).

## III. Discussion

McCray's contentions are problematic because we review rulings of the district court—not cases.  Which of the district court's rulings on challenges for cause McCray takes issue with is unclear from her initial brief.   And equally unclear are the three jurors on which the district court denied her right to exercise peremptory strikes—especially since she never objected to any of the district court's rulings on her peremptory strikes.

The issue McCray raises which does not involve jury selection relates to the charge the district court gave the jury about the statute of limitations.  McCray concedes that we need to reach this issue only if we remand for a new trial.

3

(Appellant's Initial Br. at 38, 41). We agree, and because we are not remanding for a new trial on the jury-selection issues, we need not address this issue.

McCray's arguments can be divided into two broad categories: first, McCray takes issue with the district court's denial of her challenges for cause. And second, McCray takes issue with how the district court conducted the jury selection process—contending that she was essentially denied the right to exercise her peremptory challenges. We address each of these contentions in turn.

### A. McCray's Challenges for Cause

McCray makes a somewhat ambiguous argument about how the district court erred in denying her challenges for cause. More importantly, she does not clearly state against which jurors the district court improperly denied her challenges for cause. It appears from her initial brief that she contends that the district court erred by denying her challenges for cause against Prospective Jurors 12, 23, and 24. (Appellant's Initial Br. at 25). She points to these prospective jurors as the biased individuals who actually served on the jury. (*Id.*).

McCray never challenged any of these three potential jurors for cause, and thus, we have no challenges to review on this appeal. In fact, the Defendants challenged each of these three potential jurors for cause. (Doc. 194 at 166–67). And McCray successfully opposed each of these challenges. (Doc. 194 at 177, 179). Where a party induces or invites the district court to make an error, we will

4

decline to review that alleged error. *United States v. Harris*, 443 F.3d 822, 823 (11th Cir. 2006). And surely this is invited error. A party who invites error cannot complain when the court accepts its invitation. *Pensacola Motor Sales, Inc. v. Eastern Shore Toyota, LLC*, 684 F.3d 1211, 1231 (11th Cir. 2012) (citations omitted). Accordingly, we hold that McCray invited any error the district court made in not removing Prospective Jurors 12, 23, and 24 for cause.

What is more, McCray has waived her right to challenge the district court's ruling on any of her other challenges for cause because she did not raise those issues in her initial brief. McCray makes a slightly different argument in her reply brief. Because an appellant may properly raise arguments on appeal only in its initial brief, we decline to consider McCray's arguments that the district court erred in denying McCray's challenges for cause for any potential jurors other than the three mentioned in her initial brief. *See* (Appellant's Reply Br. at 7) (raising a new argument); *see also United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) (stating that arguments raised for the first time in a reply brief are not properly before the reviewing court).

## B. McCray's Peremptory Challenges

McCray also contends that the manner in which the district court conducted the jury selection process denied her the statutorily guaranteed use of her peremptory challenges, and denied her basic rights guaranteed by the Constitution.

5

(Appellant's Initial Br. at 37); *see also* 28 U.S.C. § 1870.  These contentions lack merit.

In fact, McCray never objected to the district court's procedure or complained to the court that she was not being allowed to appropriately exercise her peremptory strikes.  And she never objected to the district court's ruling on any of her peremptory strikes.  It is well settled that failure to raise an objection before the district court constitutes a waiver of that issue on appeal.  *See Winters v. Cook*, 466 F.2d 1393, 1396 (5th Cir. 1972).  Consequently, McCray has waived any argument relating to her peremptory strikes.

Assuming, only for the sake of argument, that she has not waived these arguments, we have long said that the "manner in which peremptory challenges are to be exercised is committed to the sound discretion of the trial judge."  *Gafford v. Star Fish & Oyster Co.*, 475 F.2d 767, 767 (5th Cir. 1973).  A district court has wide discretion in conducting the jury selection process.  *United States v. Bryant*, 671 F.2d 450, 455 (11th Cir. 1982).  And here, a careful review of the record shows that the district court did not abuse its discretion.  The jury selection process began at 9:20 a.m.  (Doc. 194 at 4).  And it ended about 3:55 p.m.  (Doc. 194 at 180).  McCray misleadingly indicates that the district court improperly truncated, or hurried, the process in order to be able to handle another proceeding at 3:00 p.m.  (Appellant's Initial Br. at 37) (citing Doc. 194 at 162).  In fact, the district court

6

recessed from 3:04 p.m. until 3:39 p.m. to take care of the other matter. (Doc. 194 at 173). It then returned to continue the jury selection process, having given the parties those thirty-five minutes to consider which remaining prospective jurors to challenge for cause and which prospective jurors to strike. While it is true that the district court quickly ticked through the jury selection process once it reconvened, it did not abuse its discretion in doing so. It acknowledged the time the court had already provided the parties to consider their challenges. (Doc. 194 at 178). And it understandably showed frustration that the parties were now taking more time to decide which prospective jurors to challenge for cause and which prospective jurors to strike. (*Id.*). McCray successfully exercised three peremptory challenges during the jury selection process, and finished the process with one unexercised peremptory challenge. The district court did not abuse its discretion.

## IV. Conclusion

Consequently, we affirm the judgment of the district court.

**AFFIRMED.**

7