**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1464
_____

KEVIN L. DICKENS,
                              Appellant

v.

COMMISSIONER STAN TAYLOR; BUREAU CHIEF PAUL HOWARD;
RICHARD E. SEIFERT; ANTHONY NMN RENDINA; IBCC et al; JOHN RYAN;
MIKE LITTLE; JOE HUDSON; CPL. ONEY; WARDEN TOM CARROLL;
DEP. WARDEN BETTY BURRIS; MAJOR CUNNINGHAN; CAPT. SAGERS;
CAPT. BELANGER; STAFF LT. B. WILLIAMS; STAFF LT. BURTON; LT. NFN
SAVAGE; IGC LISA MERSON; SGT. EVANS; SGT. NFN MORAN, C/O HARRIS;
SGT. TYSON; C/O NEAL; QRT1 ET AL; LT. STANTON; C/O GARDELS;
LT. HARVEY; LT. SECORD; C/O RAINEY; QRT2 ET AL; JAYME JACKSON;
LT. PORTER; KRAMER; ZANDA; BRIAN ENGRAM; RON DRAKE; MAJOR
HOLMAN; DR. ARRONBUR; NURSE BRENDA HOLWERDA; NURSE
COURTNEY DOE; NURSE CINDY DOE; MEDICAL DIRECTOR; DELAWARE
CENTER FOR JUSTICE; SHAKEERAH HAIKAL; CAMILLE PRINGLE;
LITTLETON MITCHELL; FRANK SCARPETTI; LT. WELCOME; FIRST
CORRECTIONAL MEDICAL; MS. HAVEL; CPL. KROMKA;
COUNSELOR KROMKA; DANIEL L. MCKENTY; DOCTOR TAMMY KASTRE
_____

On Appeal from the United States
District Court for the District of Delaware
(D.C. Civil No. 1-04-cv-00201)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 19, 2016

Before: FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 28, 2016)
_____

OPINION[*]
_____

PER CURIAM

Kevin L. Dickens, a prisoner, filed a civil rights lawsuit against numerous prison officials and the prison's medical service provider. Dickens's complaint alleged that between February 2002 and October 2003, prison officials retaliated against him for filing prison grievances, denied him food, and used excessive force against him on several occasions. He further alleged that the medical service provider failed to diagnose and treat the resulting injuries as well as another, unrelated illness. Several prison officials were granted summary judgment, but Dickens was awarded default judgment against the medical service provider; his claims against the remaining prison officials proceeded to trial. After an eight day trial, the jury found in favor of Defendants. On appeal, Dickens challenges the grant of summary judgment, three trial rulings, and the District Court's award of damages against the medical service provider. We will affirm.[1]

We first reject Dickens's argument that the District Court erred in granting summary judgment to two prison officials because Dickens did not exhaust his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] We have jurisdiction under 28 U.S.C. § 1291.

2

administrative remedies, by timely filing a prison grievance challenging their conduct, before filing suit against them.  The Prison Litigation Reform Act of 1995 mandates that an inmate exhaust "such administrative remedies as are available" before filing suit to challenge prison conditions.  42 U.S.C. § 1997e(a).  Although an inmate "must exhaust available remedies," he "need not exhaust unavailable ones."  Ross v. Blake, -- U.S. --, --, 2016 WL 3128839, *7 (June 6, 2016).  Dickens conceded that he did not timely file a grievance, but he claimed that such a remedy was unavailable because, while his time to file a grievance came and went, he was housed in isolation where he was denied access to a pen and paper.  In rejecting that argument, the District Court found Dickens's claim belied by the record—specifically, while he was in isolation, Dickens used a pen to complete an authorization form requesting reimbursement in a different case, he used a pen to sign for his legal mail, and he used a pen and paper to draft a three-page motion for reargument in a different case.  In light of this record evidence, the District Court did not err in ruling that Dickens could have filed, but did not, a prison grievance regarding these claims.  See Small v. Camden Cty., 728 F.3d 265, 269-71 (3d Cir. 2013) (holding that a district court may properly resolve disputed issues of fact regarding whether a prisoner has exhausted a claim; we review such findings for clear error).  Accordingly, the District Court correctly ruled that Dickens's lawsuit could not proceed on the unexhausted claims.

We also reject Dickens's argument that the District Court violated his right to a fair trial by requiring him to wear physical restraints—hand cuffs, a waist chain, and a black box—throughout the trial. We note that Dickens's counsel did not object to these security measures, and thus this claim may be waived on appeal. In any event, upon thorough review of the record, we perceive no abuse of discretion. Comporting with our decision in Sides v. Cherry, 609 F.3d 576, 582 (3d Cir. 2010), the District Court held a hearing, before the trial and outside the presence of the jury, to address security measures and strike the appropriate balance between the potential prejudice to Dickens and the need to maintain safety and security. The District Court's decision on that balance was supported by ample evidence in the record—most notably, a declaration from the Deputy Warden averring that Dickens was one of the "four most dangerous" inmates he had encountered and attesting that Dickens had been subject to 300 incident reports and convicted of felony assault numerous times for throwing urine and feces at prison staff. Moreover, the District Court took active steps to mitigate any prejudice, including removing the jurors from the courtroom when Dickens took and left the witness stand and instructing them not to draw any negative inference from Dickens's status as an inmate.

Nor are we persuaded by Dickens's claim that the District Court erred in allowing Defendants to introduce evidence of his felony convictions because they occurred from 2006 to 2010, after the events at issue in his trial. Dickens's prior convictions were admissible under Federal Rules of Evidence 609, which provides that, when the opposing

4

party seeks to use prior felony convictions to impeach the credibility of a witness who is not a defendant in a criminal case, that evidence "must be admitted, subject to Rule 403."[2]  Rule 403 requires district courts to consider whether the probative value of the evidence in substantially outweighed by the danger of unfair prejudice.  In assessing that balance, courts should consider: (1) the nature of the convictions; (2) the time elapsed since the convictions; (3) the importance of the witness's credibility to the case; and (4) the importance of credibility to the claim at hand.  Sharif v. Picone, 740 F.3d 263, 272 (3d Cir. 2014).

Before trial, the District Court ruled that Dickens's convictions would be admissible at trial under Rule 609 because they were probative of his credibility, which would be critical at trial, and because the evidence's relevance was not substantially outweighed by the danger of unfair prejudice, particularly where the jury would be aware that Dickens was in prison for committing a crime.  We review this determination for an abuse of discretion, id. at 267, and we perceive none here.  As to the first factor, although convictions for assault are less probative of a witness's truthful character than convictions involving crimes of deception or dishonesty, assault convictions may nevertheless be

_____

[2] Nor is there merit to Dickens's argument that the District Court erred in admitting his convictions under Rule 404.  As discussed herein, the District Court properly admitted the convictions under Rule 609.  See United States v. Caldwell, 760 F.3d 267, 286 & n.13 (3d Cir. 2014).  Nor are we persuaded by Dickens's argument that the convictions were per se inadmissible because they occurred after the events described in his complaint.  See 28 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6133 (2d ed. 1987) ("[C]onvictions should be admissible even if they occurred after the events

admitted upon balancing the other factors. See Caldwell, 760 F.3d at 286. The remaining factors each weigh in favor of admissibility. As to the second factor, Dickens history of continuous, intervening convictions from 2006 through 2010 suggests that his character has not improved since the events alleged in his complaint. See id. at 287 ("the probative value of an older conviction may remain undiminished if the defendant . . . has multiple intervening convictions, [] which could suggest his character has not improved."). Moreover, the third and the fourth factor overlap and weigh heavily in favor of admissibility—this case came down to whether the jury believed Dickens's testimony or the testimony of the prison officials. Indeed, Dickens was his own primary witness, and thus his credibility was paramount to his case. See id. at 288.

We also reject Dickens's argument that the District Court abused its discretion in permitting each Defendant to exercise one peremptory challenge during jury selection. According to Rule 47(b) of the Federal Rules of Civil Procedure, a "court must allow the number of peremptory challenges provided by 28 U.S.C. § 1870." Under 28 U.S.C. § 1870, multiple defendants may be "considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly." "In other words, the allocation of peremptories in multiple defendant cases is left to the discretion of the trial court." Tidemann v. Nadler Golf Car Sales, Inc., 224 F.3d 719, 725 (7th Cir. 2000); see also

about which the current case is concerned.").

Fedorchick v. Massey-Ferguson, Inc., 577 F.2d 856, 858 (3d Cir. 1978) (on petition for

rehearing en banc) (recognizing District Court's broad discretion under § 1870). Dickens

presents no argument that the District Court's allocation of peremptories was otherwise

improper, and we perceive no abuse of discretion. Tidemann, 224 F.3d at 725.

Dickens also challenges the amount of damages the District Court awarded against

Defendant First Correctional Medical (FCM), which provided medical services to

Delaware prisoners, including Dickens, during the timeframe of events described in his

complaint. Before trial, the District Court granted default judgment against FCM on

Dickens's claims that the provider failed to promptly and accurately diagnose and treat a

genital rash, and failed to properly treat his injuries stemming from an altercation with

prison staff that resulted in broken glasses, broken dentures, facial swelling and injuries

to his jaw. After trial, the District Court ordered Dickens to file a statement outlining the

damages sought against FCM along with support therefor.[3] Dickens sought actual and

punitive damages totaling $100,000. In support, he filed a statement describing the

incidents and attached copies of his prison grievances and several medical slips.

The District Court awarded Dickens $1,000 in actual damages and no punitive

damages. The District Court noted that it had heard testimony relevant to Dickens's

damages at trial and that his prison grievances and medical slips bore no reasonable

---

[3] We note that the District Court correctly treated as true Dickens's allegations regarding
the ways in which FCM violated his rights, but not his calculation of damages against
FCM. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 154-55 (2d Cir.

relationship to his request for $100,000. The District Court also cited <u>Carter v. Kastre</u>, Civ. A. No. 06-561, 2009 WL 1530827, * 2 (D. Del. June 1, 2009), in which another district court awarded the prisoner-plaintiff $1500 against FCM for "missed medications and lack of treatment [that] injured plaintiff [the] and caused dizziness, rashes, and elevated levels of the HIV."

We review the District Court's determination of damages in connection with a default judgment for clear error. <u>Cutcliff v. Reuter</u>, 791 F.3d 875, 882 (8th Cir. 2015); <u>see also</u> <u>Leeper v. United States</u>, 756 F.2d 300, 307 (3d Cir. 1985) (reviewing damage award for clear error). We perceive none here. Because Dickens "was a prisoner during the period at issue, his compensable damages involve only pain and suffering, and not medical costs or lost earnings." <u>Thompkins v. Belt</u>, 828 F.2d 298, 301 (5th Cir. 1987) (internal footnote omitted). In calculating those damages, the District Court properly based its damage award on Dickens's own trial testimony about his pain and suffering related to injuries treated by FCM. The District Court also looked to another district court decision fixing a dollar amount for pain and suffering. Given the "exceedingly narrow" scope of this Court's review, and because "[e]vidence of pain and suffering is particularly ill-suited to review upon only a written record," <u>Walters v. Mintec/Int'l</u>, 758 F.2d 73, 80, 81 (3d Cir. 1985) (internal quotation marks omitted), we will not disturb the District Court's decision to award Dickens $1,000 in compensatory damages. Nor are we

---

1999).

persuaded that the District Court abused its discretion in declining to award punitive damages.  See Cooper Indus. v. Leatherman Tool Grp., 532 U.S. 424, 433 (2001).  Even accepting Dickens's allegations against FCM as true, he has not shown that its conduct "amount[ed] to something more than a bare violation justifying compensatory damages." Keenan v. City of Phila., 983 F.2d 459, 469-70 (3d Cir. 1992) (quoting Cochetti v. Desmond, 572 F.2d 102, 106 (3d Cir. 1978)).

For these reasons, we will affirm the judgment of the District Court.